Stephen T. Janik, OSB #741538
Jack L. Orchard, OSB #721888
sjanik@balljanik.com
jorchard@balljanik.com
Ball Janik LLP
101 SW Main St., Ste. 1800
Portland, OR 97204-3219
(503) 228-2525
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON, by and through THE OREGON DEPARTMENT OF STATE LANDS, and +/- FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON,<br><br>Defendants. | Case No.: 3:22-cv-00533<br><br><br><br>COMPLAINT<br>(Eminent Domain 16 U.S.C. § 814)<br>**Jury Trial Not Requested** |

COMPLAINT FOR A CIVIL CASE
(Eminent Domain)

I.     The Parties to this Complaint

    A.     The Plaintiff is:

Page 1 - COMPLAINT
1350551\v2

Portland General Electric Company
(also referred to herein as "PGE), an Oregon corporation.

Street Address: 121 SW Salmon Street, 1 WTC 1302
City and County: Portland, Multnomah
State and Zip Code: Oregon 97204-9951
Telephone Number: (503) 464-8102
Email Address: www.PortlandGeneral.com c/o mark.lindley@pgn.com

B.     The Defendants are:

State of Oregon by and through its Oregon Department of
State Lands, Vicki Walker, Director and +/- Five Acres of Unimproved
Land Along the Willamette River Near West Linn, Oregon

Street Address: 775 Summer St., N.E. #100
City and County: Salem, Marion
State and Zip Code: Oregon 97301
Telephone Number: (503) 986-5200
Email Address: vicki.walker@dsl.oregon.gov

II.    Basis for Jurisdiction

## Federal Question

This action is authorized by and arises under the Federal Power Act, 16 U.S.C § 814. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b)(2).

III.   Statement of Claim

1.     Plaintiff ("PGE") owns real property and improvements along the Willamette River at Willamette Falls between the cities of West Linn and Oregon City, Clackamas County, depicted on attached Exhibit A.  The property and facilities constitute a hydroelectric generation facility which has been operated by PGE for over a century (the "Hydroelectric Project").  The Hydroelectric Project has been and is licensed and regulated by the Federal Energy Regulatory Commission ("FERC") pursuant to the Federal Power Act, 16 U.S.C. § 791a *et seq*.  PGE is required under such regulatory authority to continuously own, control and operate the

Hydroelectric Project in order to generate electric power in the public's interest and for the benefit of the public, all as required by the FERC. *See, e.g.*, 16 U.S.C. §§ 796(11), 797(e), 803(a)(1). PGE holds FERC License No. 2233 under the most recently issued license dated December 8, 2005. *Portland Gen. Elec. Co.*, 113 FERC ¶ 62,186 (2005).

2. Section 21 of the Federal Power Act, 16 U.S.C. § 814, authorizes PGE to condemn property necessary for the Project in meeting the public interest purposes of the Federal Power Act.

3. Attached Exhibit A identifies the approximate area of the lands identified by the Project's FERC license as areas necessary to meet the public interest purposes of the Federal Power Act. Within that area is a parcel of land legally described on the attached Exhibit B (the "Property"). The Property is named as a Defendant to this Action.

4. PGE is required by FERC, pursuant to Standard Article 5 of the Project's license, to own all lands as required by its FERC license, which includes the Property. *Portland Gen. Elec. Co.*, 113 FERC ¶ 62,186 (2005) (Ordering Paragraph (G)); Form L-3, 54 F.P.C. 1817, 1818-19 (1975).

5. Defendant State of Oregon, acting through its Department of State Lands ("DSL"), has asserted a right in, or to, or ownership of the Property of indeterminate nature.

6. Ownership and control of the Property, including the inherent right through ownership to control persons seeking to access the Property, are required for PGE to meet its obligations of the FERC license. The Property is necessary and appropriate in PGE's maintenance and operation of the Hydroelectric Project, including hydroelectric power generation, public and Project safety, management of environmental resources, protection of

Page 3 - COMPLAINT
1350551\v2

historic properties, and other beneficial public uses required by the Project license and the Federal Power Act.

7. In order to acquire all rights asserted by Defendant DSL and to comply with PGE's FERC license obligations, PGE has elected to exercise its rights of eminent domain so as to obtain fee title to the Property.

8. On July 28, 2021, PGE's Board of Directors adopted a resolution declaring a necessity to acquire all of Defendant DSL's right, title and interest in, and to, the Property. Such resolution was adopted pursuant to the authority granted PGE under section 21 of the Federal Power Act,16 U.S.C. § 814.

9. Following the adoption of the Board of Directors' resolution, PGE offered to acquire all of Defendant DSL's claimed right, title and interest in, and to the Property.

10. On or about January 13, 2022, more than forty (40) days prior to the commencement of this action, PGE delivered to Defendant DSL a formal offer, accompanied by an appraisal, to acquire all of Defendant DSL's claimed right, title and interest, in, and to, the Property. The amount of the offer was $150,000.00, which is full and adequate compensation to Defendant for PGE's acquisition.

11. Defendant DSL has not accepted PGE's offer described in paragraph 10 above and, upon information and belief, Defendant DSL has no intention of accepting PGE's offer to acquire the Property. To date, PGE has been unable to contract with Defendant DSL for the acquisition of title to the Property.

12. PGE, under the condemnation authority of section 21 of the Federal Power Act, elects by this Complaint to acquire all of Defendant DSL's claimed right, title and interest in, and to, the Property, including and up to fee title.

13. The full and adequate compensation to Defendant DSL for acquisition of all of Defendant DSL's claimed right, title and interest in, and to the Property, is $150,000.00.

14. Pursuant to Federal Rule of Civil Procedure 71.1(d), the requisite notices to Defendants are attached hereto and submitted to the Clerk of Court.

IV. Relief

1. Pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, grant a Judgment of this Court awarding and requiring the conveyance to PGE of all of Defendant DSL's claimed title and interest in, including any fee interest, and to the real property described in Exhibit B, attached hereto, and determining just compensation pursuant to Rule 71.1 (h)(1).

2. Such conveyance shall be effective upon PGE's delivery to the Clerk of the Court, the sum of $150,000.00 in collected funds, designated for payment to Defendant.

3. For an award of PGE's costs and disbursements incurred herein.

V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief, that this Complaint: (1) is not being presented for an improper purpose; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Complaint otherwise complies with the requirements of Rule 11.

Dated: April 8, 2022.

Plaintiff's Attorneys:   s/ Stephen T. Janik
                         Stephen T. Janik

Page 5 - COMPLAINT
1350551\v2

|  |  |
|---|---|
|  | s/ Jack L. Orchard |
|  | Jack L. Orchard |
| Oregon State Bar Nos.: | Stephen T. Janik, OSB 741538 |
|  | Jack L. Orchard, OSB 721888 |
| Law firm: | Ball Janik LLP |
| Street Address: | 1800 One Main Place |
|  | 101 SW Main Street |
| State and Zip Code: | Portland, Oregon 97204-3219 |
| Telephone Number: | (503) 228-2525 |
| Email Addresses: | sjanik@balljanik.com |
|  | jorchard@balljanik.com |