ELLEN F. ROSENBLUM
Attorney General
NINA R. ENGLANDER #106119
SHAUNEE MORGAN #194256
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Nina.Englander@doj.state.or.us
       Shaunee.Morgan@doj.state.or.us

Attorneys for Defendant State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF OREGON, by and through THE OREGON DEPARTMENT OF STATE LANDS, and +/- FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON,<br><br>    Defendants. | Case No. 3:22-cv-00533-SB<br><br>DEFENDANT STATE OF OREGON'S ANSWER<br><br>**JURY TRIAL DEMANDED** |

In response to Plaintiff's Complaint (ECF No. 1), Defendants admit, deny, and allege as follows:

### I. Parties

Defendants admit the allegations in Section I.A (Plaintiff). In response to Section I.B (Defendants), Defendants deny that Department of State Lands (DSL) Director Vicki Walker is identified as a Defendant in the case caption, but otherwise admit the allegations.

Page 1 - DEFENDANT STATE OF OREGON'S ANSWER
    NE/bs4/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## II. Basis of Jurisdiction

Section II states a legal conclusion which requires no response.

## III. Statement of Claim

In response to Section III, Defendants admit, deny and allege as follows:

1. In response to the first sentence of Paragraph 1, Defendants admit that PGE owns some, but not all, of the real property and improvements depicted on Exhibit A. Defendants admit upon information and belief that PGE has operated the Hydroelectric Facility for over a century and admit the remaining allegations in the second and third sentences of Paragraph 1. The fourth sentence of Paragraph 1 is a legal conclusion which requires no response. Defendants admit the allegations in the fifth sentence of Paragraph 1.

2. Paragraph 2 is a legal conclusion which requires no response.

3. In response to the first sentence of Paragraph 3, Defendants deny any allegations that are inconsistent with the FERC license, which is the best evidence of its contents and speaks for itself. Defendants admit the allegations in the second and third sentences of Paragraph 3.

4. In response to Paragraph 4, which characterizes the FERC license, Defendants deny any allegations that are inconsistent with the FERC license, which is the best evidence of its contents and speaks for itself. To the extent that Paragraph 4 states Plaintiff's legal interpretation of the FERC license, that allegation is a legal conclusion that requires no response.

5. In response to Paragraph 5, Defendants admit that the State of Oregon, acting through its Department of State Lands, has asserted that it owns portions of the Property.

6. Paragraph 6 states legal conclusions which require no response. To the extent that Paragraph 6 contains any allegations of material fact, they are denied.

7. Paragraph 7 constitutes a legal conclusion, which requires no response, and/or characterizes the Complaint, which is the best evidence of its contents and speaks for itself.

8. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis deny the same.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

9. In response to Paragraph 9, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations regarding the adoption of the Board of Director's resolution, and on that basis deny the same. Defendants admit the remaining allegations in Paragraph 9.

10. Defendants admit the allegations in the first sentence of Paragraph 10. In response to the second sentence of Paragraph 10, Defendants admit that the amount of the offer was $150,000.00 but deny that this is full and adequate compensation for PGE's acquisition of the Property.

11. In response to Paragraph 11, Defendants admit that DSL has not accepted PGE's offer and that, to date, PGE has been unable to contract with DSL for acquisition of title to the Property. Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis deny the same.

12. Paragraph 12 states legal conclusions which require no response and/or characterizes the Complaint, which is the best evidence of its contents and speaks for itself.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

### IV. Relief

Section IV states Plaintiffs' requested relief, which requires no response.

### V. Certification and Closing

Section V states counsel's certification, which requires no response.

### VI. General Denial

Defendants deny each and every allegation in the Complaint that is not expressly admitted.

//
//
//
//

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## VII. Objections/Defenses

### First Objection

### (Failure to Demonstrate Necessity)

1. The Complaint fails to allege facts sufficient to show the uses for which the property is to be taken pursuant to Fed. R. Civ. P. 71.1(2)(B) and to demonstrate that the Property is necessary to the construction, maintenance, or operation of the Project under 16 U.S.C. § 814.

### Second Objection

### (Compensation)

2. Plaintiffs' written offer made to Defendants before filing the Complaint does not constitute just compensation for the Property.

### Third Objection

### (Insufficient Description)

3. Defendant DSL asserts fee title ownership in portions of the Property. Plaintiff's maps and legal description of the Property do not sufficiently identify the areas it seeks to condemn in relation to these interests (e.g., through metes and bounds descriptions, GIS mapping, etc.) *See* Fed. R. Civ. P. 71.1(2)(C).

## VIII. Demand for Fees

1. If the Court finds that Plaintiff cannot acquire the Property by condemnation or Plaintiff abandons the proceeding, Defendants are entitled to recover reasonable attorneys' fees, expert fees, appraisal fees and reasonable costs and disbursements incurred, along with interest in this matter under 42 U.S.C. § 4654(a), or any other applicable law.

WHEREFORE, having fully responded to the Complaint, the Defendants hereby request the following relief:

1. Dismissal of the claims with prejudice;

Page 4 -   DEFENDANT STATE OF OREGON'S ANSWER
NE/bs4/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

2. Judgment in the Defendants' favor, together with an award of costs and expenses incurred herein;

3. For an award of just compensation for the property interests taken;

4. For an award of attorneys' fees and other legal expenses;

5. Such other relief the Court deems just and equitable.

## IX. Demand for Jury Trial

Pursuant to Fed. R. Civ. P. 71.1(h)(1), Defendants demand a jury trial on compensation.

DATED June  10 , 2022.

        Respectfully submitted,

        ELLEN F. ROSENBLUM
        Attorney General

        *s/ Nina Englander*
        NINA R. ENGLANDER #106119
        SHAUNEE MORGAN #194256
        Assistant Attorneys General
        Trial Attorneys
        Tel (971) 673-1880
        Fax (971) 673-5000
        Nina.Englander@doj.state.or.us
        Shaunee.Morgan@doj.state.or.us
        Of Attorneys for Defendant State of Oregon

Page 5 -   DEFENDANT STATE OF OREGON'S ANSWER
NE/bs4/

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000