Kimberly D'Aquila, OSB #962557
kim.daquila@grandronde.org
Tribal Attorney's Office
Confederated Tribes of Grand Ronde
9615 Grand Ronde Road
Grand Ronde, Oregon 97347
503/879-2170

Richard Roos-Collins (Cal. Bar #123231) (*admitted pro hac vice*)
rrcollins@waterpowerlaw.com
Water and Power Law Group PC
2140 Shattuck Avenue, Suite 801
Berkeley, California 94704
510/296-5589

Attorneys for Proposed Intervenor-Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF OREGON, by and through THE OREGON DEPARTMENT OF STATE LANDS, and +/- FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON,<br><br>    Defendants,<br><br>    and | Case No.: 3:22-CV-00533-SI<br><br>**REPLY IN SUPPORT OF PROPOSED INTERVENOR-DEFENDANT'S MOTION TO INTERVENE**<br><br>**Request for Oral Argument** |

PAGE 1 – REPLY IN SUPPORT OF MOTION TO INTERVENE

| CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON, a federally-recognized Indian tribe, | |
|---|---|
| Intervenor-Defendant. | |

## INTRODUCTION

Portland General Electric Company ("PGE") concedes that the state-issued waterway structure authorization ("Registration"), which permits Grand Ronde to operate a fishing platform on a portion of the property PGE seeks to condemn ("Property"), constitutes a "legally cognizable interest," in the Property, but then argues that intervention is not warranted because the Registration itself is not being condemned.[1] However, once a protectable interest is established, the right to intervene depends not on the particular claims before the court, but on whether the disposition of the action *may as a practical matter* impair or impede the movant's ability to protect its interest. In other words, the right to intervene is based on the practical consequences that may flow from a lawsuit, even if those consequences were not requested or implied in the complaint. Here, PGE's requested relief (i.e., fee title to the Property), if allowed, would directly undermine the validity of Grand Ronde's Registration, which issued because the state owns the Property. Because disposition of this case may impair or impede the Registration – which PGE concedes is a legally cognizable interest – this alone satisfies the "interest" and "impairment" requirements for intervention as of right. Moreover, contrary to the arguments in PGE's Opposition Memorandum, Grand Ronde's legally cognizable interests in the Property do not end with the Registration. Grand Ronde's Motion to Intervene ("Motion") establishes,

---

[1] PGE spends the first several pages of its Memorandum in Opposition to Motion to Intervene ("Opposition Memorandum") arguing the merits of its condemnation case. Grand Ronde disputes PGE's arguments, but because PGE's motives in filing this action are not relevant to a determination regarding intervention, Grand Ronde does not address them further here.

PAGE 2 – REPLY IN SUPPORT OF MOTION TO INTERVENE

among other things, that the Tribe's right to conduct ceremonial harvests of hatchery salmon and steelhead from the Property are specifically recognized and protected under Oregon law. These interests may also be impaired by the outcome of this case.

Of the two remaining requirements for intervention as of right – specifically, a timely motion and inadequate representation by existing parties, PGE challenges only the latter. However, the bar for adequacy of representation is minimal. Given that Grand Ronde has already advanced arguments not advanced by the State, including that PGE's condemnation is arbitrary and capricious and not for public purposes authorized by the Federal Power Act, that bar is easily met.

As discussed in further detail herein, Grand Ronde plainly meets the requirements for intervention as of right. In the alternative Grand Ronde requests permissive intervention pursuant to Fed. R. Civ. P. 24(b).

## **ARGUMENT**

**A.      Resolution of this case will affect Grand Ronde's protectable interests.**

PGE concedes more than once in its Opposition Memorandum that the Registration constitutes a legally cognizable interest in this action. *See* Opposition Memorandum at 5, 7. However, PGE argues that this condemnation concerns only DSL's "control and asserted pre-eminence over the condemned Property" and that because those rights are not Grand Ronde's, intervention is not warranted. *Id.* at 7. That argument ignores the relevant inquiry for purposes of intervention under Fed. R. Civ. P. 24(a). The right to intervene does not depend on whether PGE formally requests condemnation of the Registration, rather once a protectable interest is established, the focus of the inquiry turns to whether "disposing of the action *may as a practical matter* impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24 (a)(2)

(emphasis added). This is not a difficult hurdle. Indeed, once a court finds a protectable interest exists, it should "have little difficulty concluding that the disposition of [the] case may, as a practical matter, affect it." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). In assessing the practical impairment requirement, the Ninth Circuit has taken the position that a movant should be allowed intervention if it will be affected in a practical sense by the determination made in an action. *See Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 822 (9th Cir. 2001) ("We follow the guidance of Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'").

If PGE is awarded fee title to the Property, the State of Oregon will no longer own or control the Property and consequently the Department of State Lands ("DSL") will lack authority to grant the rights in the Registration or renew it.[2] Accordingly, Grand Ronde could lose authorization to operate its fishing platform on the Property. Moreover, there is no other forum that Grand Ronde can go to protect its interests in the Registration. As PGE acknowledges, its appeal of the issuance of the Registration to the State Office of Administrative Hearings is being removed from the administrative docket. Opposition Memorandum at 2. It was removed from the docket specifically because resolution of ownership in PGE's favor would moot that appeal. Given these things, Grand Ronde will undoubtedly be *affected in a practical sense* by the outcome of this action and it should be entitled to intervene.

While the Registration alone entitles Grand Ronde to intervention, Grand Ronde's Motion sets forth several additional interests "relating to the property or transaction that is the

---

[2] PGE points out that the Registration's five-year term ends in 2023, but does not explain why that is relevant. Opposition Memorandum at 2, 5. Registrations are routinely renewed by DSL.

subject of the action." Fed. R. Civ. P. 24(a)(2). PGE asserts that nothing in the proffered history of Grand Ronde's fishing and lamprey harvesting at Willamette Falls, other than the Registration, establishes that Grand Ronde has a legally cognizable interest in this action. Opposition Memorandum at 5. However, PGE fails to offer any argument or analysis of Grand Ronde's claimed interests and the only case it cites in support of its assertion is wholly inapposite.

Contrary to PGE's statements, the tribal intervenors in *Bonnichsen v. United States*, No. Civ. 96-1481 JE, 2004 WL 2901287 (D. Or. Dec. 15, 2004), were not seeking intervention in a case "applying and interpreting" the Native American Graves Protection and Repatriation Act ("NAGPRA"). The District Court's interpretations of NAGRPA had already been appealed and affirmed by the Ninth Circuit and the moving tribes had in fact been granted intervention for purposes of that appeal. When the case came back to the District Court to address the limited issues remaining in the litigation, the tribes sought intervention again. The District Court denied the motion to intervene finding that the case was in the "post judgment" phase and the tribes' continued effort to participate was an attempt to litigate matters that had already been decided. The opinion simply contains no relevant analysis of the "protectable interest" requirement for purposes of intervention as a matter of right.

A movant demonstrates a sufficient interest in an action "if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Lockyer*, 450 F.3d at 441 (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). The relationship requirement is met if resolution of the plaintiff's claims actually will affect the applicant. *Donnelly*, 159 F.3d at 410.

Here, Oregon law specifically grants Grand Ronde the right to ceremonially harvest salmon and steelhead from the shore or a fishing platform at Willamette Falls. *See* Motion at 5-6 and Or. Admin. R. 635-041-0610 ("Ceremonial Fishing Rule"). If, as a result of this litigation, all state-owned land at Willamette Falls is successfully condemned, Grand Ronde's ceremonial fishing rights under the Ceremonial Fishing Rule will be impaired. Oregon law – Or. Admin. R. 635-017-0090 – also authorizes the harvest of lamprey from portions of the Property. The ability to harvest lamprey will similarly be affected by condemnation of the Property.

Finally, although PGE insists that the Property does not include Grand Ronde's Blue Heron property, that is not at all clear from the Complaint. Exhibit B to the Complaint shows that PGE seeks to condemn the entire channel between Abernathy Island and Grand Ronde's property. The state-owned land in that area does not occupy the entire channel. Some of the Blue Heron property shoreline abuts the channel. While the Complaint describes the area to be condemned as bounded by Grand Ronde's property, it also provides that PGE is condemning all land lying above ordinary low water. As explained in Grand Ronde's Motion, the Tribe's ownership extends to ordinary low water. Because PGE seeks to condemn all lands above the ordinary low water line, Grand Ronde's property may be impacted. Grand Ronde clearly has legal interests in protecting its property.

Because Grand Ronde has protectable interests which may be affected by resolution of PGE's claims, Grand Ronde should be entitled to intervene in this proceeding.

**B.     DSL will not adequately represent Grand Ronde's interests.**

As stated in Grand Ronde's Motion, the Ninth Circuit provides a three-part test for adequate representation that looks at (1) whether the interests of the present party are such that it will *undoubtedly* make all of the movant's arguments; (2) whether the existing party is willing to

and capable of making those arguments; and (3) whether the movant would offer any necessary elements to the proceeding that the other parties would neglect. *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). That test is satisfied here because DSL filed its answer on June 10, 2022, and did not raise the same defenses raised by Grand Ronde in its proposed answer. DSL had the benefit of seeing Grand Ronde's proposed answer weeks before DSL filed its own answer, but was either not willing or able to advance the same defenses as Grand Ronde.

Moreover, as Grand Ronde explained in its Motion, although it wishes to intervene on the same side of this case as DSL, the Tribe has distinct parochial interests – e.g., ceremonial fishing – that do not belong to the general public. Motion at 15. Courts have generally permitted parties to intervene where they have narrower interests than the government. *See, e.g.*, *Californians for Safe and Competitive Dump Truck Transp. v. Mendonca,* 152 F.3d 1184, 1190 (9th Cir. 1998) (finding intervenor demonstrated representation of its interests by government defendants may be inadequate where interests of intervenors were "potentially more narrow and parochial than the interests of the public at large."). Further, the State of Oregon, which is also a condemner of land, will naturally be reluctant to take positions with respect to condemnation which may be inconsistent with their past positions or may undermine their own condemnation position in the future.

Grand Ronde has met the "minimal" burden of showing that representation of its interests "may" be inadequate. *Citizens for Balanced Use*, 674 F.3d at 898.

**C.     Defenses Grand Ronde may raise do not provide a reason to deny intervention.**

PGE argues that allowing intervention gives Grand Ronde the potential "to raise their own issues." Opposition Memorandum at 6. It is unclear why this is problematic given that the

purpose of intervention is to protect interests that cannot or will not be protected by the existing parties. PGE's claim that there is no basis to support Grand Ronde's defenses is incorrect. But at this stage, the Court is not required to decide what arguments may or may not be considered in resolving the condemnation case. Instead, the Court must determine whether Grand Ronde's motion was timely, whether Grand Ronde has legal interests in this case and whether those interests may be impaired, and whether those interests are adequately represented by the existing parties. Fed. R. Civ. P. 24 (a)(2).

**D.     Permissive intervention is warranted.**

Should the Court determine that Grand Ronde does not meet the requirements for intervention as a matter of right, Grand Ronde is undoubtedly entitled to permissive intervention as asserted in the Motion. PGE has provided no substantive objection to such intervention.

## CONCLUSION

For all of the foregoing reasons, Grand Ronde respectfully requests the Court grant its motion to intervene as a matter of right under Fed. R. Civ. P. 24 (a)(2) or, in the alternative, permit Grand Ronde to intervene under Fed. R. Civ. P. 24 (b).

RESPECTFULLY SUBMITTED this 22nd day of June, 2022.

                                           Attorneys for Proposed Intervenor-Defendant:

                                           _____
                                           Kimberly D'Aquila, OSB #962557
                                           Richard Roos-Collins (Cal. Bar #123231)
                                                   *Admitted pro hac vice*