Kimberly D'Aquila, OSB #962557
kim.daquila@grandronde.org
Tribal Attorney's Office
Confederated Tribes of Grand Ronde
9615 Grand Ronde Road
Grand Ronde, Oregon 97347
503/879-2170

Richard Roos-Collins (Cal. Bar #123231) (*admitted pro hac vice*)
rrcollins@waterpowerlaw.com
Water and Power Law Group PC
2140 Shattuck Avenue, Suite 801
Berkeley, California 94704
510/296-5589

Attorneys for Intervenor-Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>STATE OF OREGON, by and through THE OREGON DEPARTMENT OF STATE LANDS, and +/- FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON,<br><br>       Defendants,<br><br>   and | Case No.: 3:22-CV-00533-SI<br><br>**Intervenor-Defendant Confederated Tribes of the Grand Ronde Community of Oregon's ANSWER** |

CONFEDERATED TRIBES OF THE GRAND
RONDE COMMUNITY OF OREGON, a
federally-recognized Indian tribe,

        Intervenor-Defendant.

Intervenor-Defendant, the Confederated Tribes of the Grand Ronde Community of Oregon ("Grand Ronde"), responds to the allegations in Plaintiff's Complaint filed April 8, 2022 ("Complaint"), as set forth below. References to sections and paragraphs in this Answer are references to the corresponding sections and paragraphs in the Complaint as follows:

## I. Parties to the Complaint

Grand Ronde admits that Plaintiff is an Oregon Corporation and admits that the named defendants include the State of Oregon by and through its Oregon Department of State Lands ("DSL") and certain unimproved land along the Willamette River ("Defendant Property"), but denies, based on lack of sufficient information on which to form a belief, that DSL Director Vicki Walker is a defendant, as she is not identified in the case caption of the Complaint. Grand Ronde lacks sufficient information to form a belief regarding the precise location and size of Defendant Property and, on that basis, denies the remaining allegations in this section. Grand Ronde, Intervenor-Defendant, has interests in the Defendant Property including legal rights to harvest salmon, steelhead and lamprey and operate a fishing platform.

## II. Basis for Jurisdiction

Grand Ronde admits that Plaintiff brought this action pursuant to Section 814 of the Federal Power Act, 16 U.S.C. §§ 791a *et seq*. ("FPA"), and that this action may be brought in this Court. Except as expressly admitted, Grand Ronde denies the remainder of the allegations in this section.

/ / / / /

## II. Statement of Claim

1.

Answering the allegations in paragraph 1, Grand Ronde admits that Plaintiff owns real property and improvements along the Willamette River, but lacks sufficient information to form a belief as to whether Exhibit A accurately depicts Plaintiff's property ownership at Willamette Falls and therefore denies the same. Grand Ronde admits that Plaintiff operates a hydroelectric project at Willamette Falls ("Project") that is licensed and regulated by the Federal Energy Regulatory Commission ("FERC"), but lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 1 and therefore denies the same.

2.

The allegations in paragraph 2 set forth a legal conclusion to which no response is required, but to the extent a response is required, Grand Ronde denies the allegations. Section 21 of the FPA, establishes a conditional authority for eminent domain, applicable "[w]hen any licensee cannot acquire by contract or pledges an unimproved dam site or the right to use or damage the lands or property of others necessary …" for project purposes.

3.

Answering the allegations in paragraph 3, Grand Ronde admits that Exhibit B to the Complaint purports to provide a legal description of the Defendant Property, but otherwise lacks sufficient information to form a belief as to the truth of the allegations in paragraph 3 and, on that basis, denies them.

4.

Answering the allegations in paragraph 4, Grand Ronde specifically denies that Plaintiff is required by FERC or Standard Article 5 of its Project license "to own all lands" included in the

Project boundary established by its Project license, including the Defendant Property. Standard Article 5 states in part: "Licensee, within five years from the date of issuance of the license, shall acquire title in fee or the right to use in perpetuity all lands, other than lands of the United States, necessary or appropriate for the construction maintenance, and operation of the project."

5.

Grand Ronde admits that Defendant State of Oregon, acting through DSL, has asserted ownership to portions of the Defendant Property, but lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 5 and, on that basis, denies them.

6.

Grand Ronde denies the allegations in paragraph 6.

7.

Grand Ronde admits that Plaintiff has filed this action to obtain fee title to the Defendant Property, but denies that Plaintiff is required to do so to comply with its FERC license. Except as expressly admitted, Grand Ronde denies the allegations in paragraph 7.

8.

Grand Ronde lacks sufficient information to form a belief as to the truth of the allegations in paragraph 8 and, on that basis, denies them.

9.

Grand Ronde lacks sufficient information to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, denies them.

10.

Grand Ronde lacks sufficient information to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, denies them.

11.

Grand Ronde lacks sufficient information to form a belief as to the truth of the allegations in paragraph 11 and, on that basis, denies them.

12.

Answering the allegations in paragraph 12, Grand Ronde admits that Plaintiff is attempting to acquire all of Defendant DSL's claimed right, title and interest in, and to the Defendant Property, but denies that section 21 of the FPA gives Plaintiff the authority to do so.

13.

Grand Ronde lacks sufficient information to form a belief as to the truth of the allegations in paragraph 13 and, on that basis, denies them.

14.

Grand Ronde lacks sufficient information to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, denies them.

## IV.     Relief

Answering Paragraphs 1 through 3 of Plaintiff's Prayer for Relief, Grand Ronde denies that Plaintiff is entitled to any of the relief requested.

## V.     General Denial

Any and all other factual allegations in the Complaint requiring a response, and not specifically admitted, are denied.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

# AFFIRMATIVE DEFENSES

Grand Ronde alleges the following facts in support of its affirmative defenses.

1.

Plaintiff's Project was originally licensed in 1960, and that license expired in, 2004. FERC issued a new license for the Project in 2005. Grand Ronde was an active participant in the settlement for the relicensing. Plaintiff did not identify Defendant Property as necessary to the construction, operation, and maintenance of the Project during the relicensing.

2.

In its environmental review in the relicensing proceeding, FERC acknowledged the area below Willamette Falls supports robust fish resources and is frequently used by Native Americans for salmon fishing and harvesting of Pacific lamprey. Pacific lamprey harvests are regulated by the Oregon Department of Fish and Wildlife and are restricted to the east bank of Willamette River. The Defendant Property includes portions of the east bank where lamprey harvests take place. Grand Ronde has been conducting organized lamprey harvests in this area for more than two decades.

3.

In April 2016, the Oregon Fish and Wildlife Commission adopted an administrative rule – Or. Admin. R. 635-041-0610 – which authorizes Grand Ronde to harvest a limited number of hatchery salmon and hatchery steelhead at Willamette Falls for ceremonial purposes ("Ceremonial Fishing Rule"). The ceremonial fishing may occur from the shore or from a platform erected by Grand Ronde. Or. Admin. R. 635-041-0610(3)(c)(B).

/ / / / /

/ / / / /

4.

Shortly after the Ceremonial Fishing Rule was adopted, Grand Ronde sought authorization from DSL to place a fishing platform at two different areas on the Defendant Property, one of which included the parcel between Moore's and Abernethy Islands marked "Fishing Platform" on Exhibit B to the Complaint ("Platform Area"). Plaintiff cooperated with Grand Ronde's efforts at that time. Plaintiff's original position was that the proposed fishing platform would be "acceptable" to Plaintiff if an appropriate safety plan for ceremonial fishers was in place. In May of 2018, Plaintiff granted Grand Ronde access across Plaintiff's property so that Grand Ronde could reach the Platform Area to conduct engineering and geotechnical explorations for the purpose of evaluating construction of a ceremonial fishing platform.

5.

Between August of 2017 and June of 2018, Plaintiff and Grand Ronde discussed the alternative of locating a fishing platform somewhere on Plaintiff's property. In June 2018, Plaintiff notified Grand Ronde it was putting a pause on those discussions due to objections by two Oregon tribes with whom Plaintiff has business relationships.

6.

On August 8, 2018, Grand Ronde applied for a waterway structure authorization from DSL to construct and operate a fishing platform at the Platform Area. On August 29, 2018, Plaintiff urged DSL to reject Grand Ronde's application claiming, for the first time, that the Platform Area is "integral" to its Project and that there were safety risks associated with having a fishing platform in that area.

/ / / / /

/ / / / /

7.

On August 31, 2018, DSL granted Grand Ronde the requested waterway structure authorization ("Registration"). Plaintiff appealed the issuance of the Registration to the DSL Director. On November 26, 2018, DSL issued a decision affirming the Registration with modifications. Plaintiff then filed a request for a contested case proceeding with the Office of Administrative Hearings ("OAH") (referred to as OAH Reference No.: 2019-ABC-02395, Waterway Registration 59537-RG).

8.

On April 8, 2022, Plaintiff publicly announced that it filed this lawsuit because it has been unable to resolve the dispute over the Registration. Upon information and belief, Plaintiff has never sought FERC assistance with resolving Plaintiff's purported concerns with the fishing platform authorized by the Registration.

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

9.

Plaintiff has failed to allege facts sufficient to provide a basis for eminent domain under the FPA because it has alleged only that it has been unable to contract with DSL "for the acquisition of title" to the Defendant Property. Nothing in the FPA or Plaintiff's FERC license requires Plaintiff to obtain fee title to the Defendant Property. Further, Plaintiff has failed to allege a single fact to demonstrate a reasonable necessity for condemning State-owned land. The Complaint rests on Plaintiff's conclusory allegation that condemnation is "necessary and appropriate in Plaintiff's maintenance and operation" of the Project.

/ / / / /

/ / / / /

## SECOND AFFIRMATIVE DEFENSE
(Bad Faith / Improper Purpose / Arbitrary and Capricious)

10.

Grand Ronde realleges and incorporates by reference paragraphs 1-9 of this Affirmative Defenses section.

11.

This action should be barred because it was brought in bad faith, for improper purposes, and is arbitrary and capricious. Upon information and belief, FERC has not directed Plaintiff to acquire fee title to Defendant Property, nor does Plaintiff have a specific "public interest purpose" or Project need for the condemnation. Plaintiff is seeking to use condemnation to invalidate the Registration, and for its convenience and its private business interests, not for public purposes authorized under section 21 of the FPA.

## THIRD AFFIRMATIVE DEFENSE
(Laches)

12.

Grand Ronde realleges and incorporates by reference paragraphs 1-8 of this Affirmative Defenses section.

13.

Plaintiff's claim is barred by the doctrine of laches. Since the issuance of Plaintiff's original FERC license more than sixty years ago, Plaintiff could have attempted to obtain any necessary interest in Defendant Property. In fact, with the issuance of Plaintiff's 2005 relicensing, Plaintiff was required to obtain any interest in Defendant Property necessary to the construction, maintenance, and operation of its Project no later than December 2010 – five years from date of relicensing. Grand Ronde relied on the state's ownership of the Defendant Property

in applying for the Registration and investing several hundred thousand dollars in platform engineering, materials, and construction.

**FOURTH AFFIRMATIVE DEFENSE**
(Lack of Necessity / Excessive)

14.

Grand Ronde realleges and incorporates by reference paragraphs 1-11 of this Affirmative Defenses section.

15.

Plaintiff cannot demonstrate a necessity for condemnation of state-owned land under the FPA. Such condemnation would be an extraordinary remedy, depriving the state of its rights for beneficial uses of such land. Further, Plaintiff already obtained a lease for a portion of Defendant Property necessary to the construction, maintenance, or operation of its Project, Plaintiff has not alleged that a leasehold cannot be secured for other portions of Defendant Property, and therefore condemnation of fee title to said property is excessive.

**FIFTH AFFIRMATIVE DEFENSE**
(Failure to Exhaust Remedies with FERC / Improper Forum)

16.

Grand Ronde realleges and incorporates by reference paragraphs 1-11 of this Affirmative Defenses section.

17.

Plaintiff has submitted an application to FERC requesting authorization to grant a cultural practices easement at the Platform Area. That application is still pending. Plaintiff has not raised with FERC, and FERC has not resolved, whether access to the Platform Area as authorized by the Registration interferes in any way with Plaintiff's obligations relating to

Project operation and maintenance. These administrative proceedings are the proper forums to resolve such issues, not an eminent domain proceeding that adopts Plaintiff's position on those issues.

## PRAYER

WHEREFORE, Intervenor-Defendant prays for:

1. A judgment dismissing Plaintiff's Complaint and awarding no relief on it.
2. A judgment awarding Grand Ronde costs and disbursements in this action.
3. Such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 15th day of July, 2022.

Attorneys for Intervenor-Defendant:

_____
Kimberly D'Aquila, OSB #962557
Richard Roos-Collins (Cal. Bar #123231)
*Admitted pro hac vice*