Craig J. Dorsay, OSB #790315
Dorsay & Easton LLP
1737 NE Alberta St., Suite 208
Portland, OR 97211
503-790-9060
craig@dorsayindianlaw.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF OREGON, by and through THE OREGON DEPARTMENT OF STATE LANDS, and +/- FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON,<br><br>　　　　　　　　Defendants,<br><br>　　and<br><br>CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON, a federally-recognized Indian tribe,<br><br>　　　　　　　　Intervenor-Defendant. | Case No. : 3:22-CV-00533-SB<br><br>**REPLY IN SUPPORT OF PROPOSED CONFEDERATED TRIBES OF SILETZ INDIAN'S INTERVENOR-PLAINTIFF MOTION TO INTERVENE** |

　　　　The Confederated Tribes of Siletz Indians ("Siletz Tribe") submits this Reply Brief in support of its motion to intervene in the above-entitled proceeding.

　　　　The main parties to this proceeding, Portland General Electric ("PGE") and the Oregon Division of State Lands ("DSL") either support the Siletz Tribe's motion to intervene or do not

P A G E  | **1**
REPLY IN SUPPORT OF SILETZ'S
MOTION TO INTERVENE AS PLAINTIFF

oppose it. Only defendant-intervenor Confederated Tribes of the Grand Ronde Community of Oregon ("Grand Ronde Tribe") opposes the Siletz Tribe's motion. Grand Ronde's opposition is without merit as set forth below.

First, it is interesting that the Grand Ronde Tribe's Memorandum in Opposition to the Siletz Tribe's Motion to Intervene ("Grand Ronde Opposition" or "Opposition") does not mention any part of the Court's Order and Opinion granting the Grand Ronde Tribe's Motion to Intervene. Opinion and Order, July 7, 2022, Dkt. #20. This is likely because the Court's statements in that Opinion undercut many of the Grand Ronde Tribe's arguments in its Opposition.

For example, the Court made the following introductory statement in its Opinion:

> In evaluating whether a proposed intervenor meets these requirements, courts "are guided primarily by practical and equitable considerations" and generally construe Rule 24 "broadly in favor of proposed intervenors." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). "Courts are to take all well-pleaded, non-conclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

Opinion, pp. 2-3.

As the Court notes in this quotation, factual allegations in a motion to intervene are accepted as true absent sham, frivolity or other objections. The Siletz Tribe has asserted in its motion to intervene that it is also a legal and political successor to the Treaty with the Kalapuya (Willamette Valley Treaty), 10 Stat. 1143, Jan. 22, 1855. Siletz Motion to Intervene, pp. 5-6; Dec. of Robert Kentta in Support of Siletz Motion to Intervene, ¶ 5. The Grand Ronde Tribe disputes the Siletz Tribe's assertion on this point, Grand Ronde Opposition at 4, but the Court is required to accept Siletz's assertion in support of its motion to intervene in the absence of the

actors cited in the *Biological Diversity* opinion.[1] The Grand Ronde Tribe has not disputed and cannot dispute Siletz's factual assertion that descendants of the Kalapuya Treaty are members of both the Siletz and Grand Ronde Tribes. This factual assertion is true and is entitled to be deemed true for purposes of the Siletz Tribe's Motion to Intervene.

The next issue is the Grand Ronde Tribe's standing to challenge the Siletz Tribe's intervention. The main parties in this case, PGE and DSL, do not oppose Siletz's intervention. The Grand Ronde Tribe's interest in this case is limited to its "ceremonial fishing practices or salmon, steelhead and lamprey" on the property in dispute, Opinion at 4, which is based on the Tribe's State issued registration "which authorizes the Tribe to conduct ceremonial fishing at a fishing platform on the defendant property," *id.* at 5, Grand Ronde Opposition at 3, and the State rule that allows the Grand Ronde Tribe to harvest lamprey at the location. Opinion, *id.* Grand Ronde does not allege and cannot show that granting the Siletz Tribe's motion to intervene in this proceeding will impact its State registrations or harvest. Since the Grand Ronde Tribe cannot identify any direct impact or adverse effect on it from Siletz's intervention, it has no standing to

---

[1] The Siletz Tribe is not asking this Court to decide which Tribe, if not both, is the successor to the Kalapuya Treaty. That issue is beyond the scope of the present proceeding and would unduly complicate the straightforward issue presented by PGE's Complaint. Suffice it to say that the issue of treaty status and successorship is much more complicated than the Grand Ronde Tribe makes it out to be at p. 4, n. 2 of its Opposition. *See* 9th Circuit Tribal Successorship decisions, *e.g.*, *United States v. Suquamish Tribe*, 901 F.2d 772, 775-78 (9th Cir. 1990); *United States v. Oregon*, 29 F.3d 481, 484-87 (9th Cir. 1994), *amended*, 43 F.3d 1284; *United States v. Washington*, 873 F.Supp. 1422, 1448-49 (W.D. Wash. 1994), *aff'd in part, rev'd in part*, 135 F.3d 618 (9th Cir. 1998) (modern day tribe with sufficient number of descendants from treaty signatory tribe is a successor to that tribe). The Grand Ronde Tribe has never adjudicated its successorship status to the Kalapuya Tribe; neither has Siletz. Additionally, the Siletz Tribe has not waived its tribal sovereign immunity from any treaty rights claims that could be raised by the Grand Ronde Tribe. *Chemehuevi Ind. Tribe v. Cal. St. Bd. of Equal.*, 757 F.2d 1047, 1052 n. 6, *rev'd on other grounds*, 474 U.S. 9 (1985); *Michigan v. Bay Mills Ind. Community*, 572 U.S. 782 (2014).

oppose the Siletz Tribe's motion to intervene. The Grand Ronde Tribe's opposition should be dismissed or ignored.

Now the Siletz Tribe turns to the Grand Ronde Tribe's discussion of the criteria for intervention under Fed. R. Civ. Proc. 24. These criteria are set out on page 2 of the Court's Opinion and Order.

**Protectable Interest:**

As the Court stated in its Opinion, a proposed intervenor has a significant protectable interest if that interest is protectable under some law and there is a relationship between that interest and the claims at issue. Opinion at 4 (citing *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011), and cases cited in that opinion). The interest must be direct and non-contingent. *Id.* The interest need not be subject to direct action or condemnation by the action at hand; rather, the Tribe's legal interest need only bear a direct relationship to the action. *Id.* at 4-5.

Grand Ronde misstates the interests that the Siletz Tribe has asserted in its motion. Clearly, Siletz is asserting a treaty right, but how that right will or can be asserted is subject to many contingencies. In addition, the Tribe showed that it, like Grand Ronde, currently harvests lamprey at Willamette Falls under the same State regulation that Grand Ronde uses. Dec. of Robert Kentta in Support of Siletz Motion to Intervene, ¶ 3 and Ex. 1. Grand Ronde fails to even mention this state authorization in its Opposition. Since the Court held that the Grand Ronde Tribe has a legal interest in part under this State regulation sufficient to justify intervention, Siletz qualifies under the same standard.

The Siletz Tribe has a treaty fishing harvest interest at Willamette Falls, which is clearly direct and non-contingent. Grand Ronde argues that since this interest cannot be adversely affected by this proceeding because this right exists independently of FERC, the Permanent

Cultural Practices Easement (PCPE), and state laws and regulation among other authority, Siletz has no protectable interest that might be adversely affected by this proceeding. Opposition at 5-6. Grand Ronde's argument on this issue is a gross over-simplification of a treaty rights interest. As treaty fishing rights proceedings in *United States v. Washington* and *United States v. Oregon*, which have been going on for over 50 years illustrate with over a hundred reported decisions and over 75 subproceedings, the exercise of treaty fishing rights is not a simple matter. They cannot be exercised in isolation. Depending on who owns the fishing locations in question, the Siletz Tribe will have to deal with federal, state, local or other authorities to determine how and when it may exercise such rights. These rights are directly related to the current action and will be affected by the outcome of this proceeding. Depending on the outcome of the condemnation proceeding, the Siletz Tribe will have to deal with either the State, PGE, federal agencies, or others. This undisputed fact affects Siletz's interests.

It should also be pointed out that Grand Ronde's argument against Siletz conflicts with the basis for its own intervention in this case. Grand Ronde argues that since treaty rights are a federal right, they cannot be qualified or limited by state action. Opposition at 5-6. Grand Ronde based its motion to intervene and was granted intervention on state registrations and regulations to harvest at Willamette Falls. *See* Opinion at 5. But in its Opposition, Grand Ronde claims for the first time that its rights at Willamette Falls are based on treaty rights, and claims that it is the only tribe with those rights. Opposition at 4. Taking this claim as true for purposes of this specific discussion, Grand Ronde's arguments undercut its own intervention, which was based on State "rights,"[2] but now Grand Ronde's legal position is that the State cannot limit or affect

---

[2] Siletz must correct one factual error in the Court's July 7, 2022 Opinion, where it stated that the Grand Ronde Tribe's State fishing platform has been "routinely renewed." Opinion at 5. That factual statement is not correct. Grand Ronde's DSL five-year fishing platform registration has never been renewed; it was first issued in 2018 and will be up for potential renewal in 2023. The

the exercise of its federal treaty rights, so its State registration and "rights" are subservient to those primary federal rights. Under Grand Ronde's argument, since federal treaty rights cannot be affected by state action, there is no protectable interest that justified its intervention. If Siletz is denied intervention under this Grand Ronde argument, then Grand Ronde's intervention is also without justification and must be reversed.

The Grand Ronde Tribe also argues that the PCPE is not a protectable interest because PGE has no obligation to issue one. Opposition at 6. This argument misstates Siletz's position. Siletz has an unextinguished treaty right to harvest fish at Willamette Falls, which as discussed above can be exercised in a variety of ways. Siletz believes it already has a right to harvest under PGE's 2004 FERC license and the negotiated documents accompanying that renewal such as the Historic Properties Management Program (HPMP), and that PGE has a legal obligation to accommodate such treaty right. But it should not be a requirement that such right can only be initiated through litigation if any party objects or disagrees. PGE's proposed PCPE is an acceptable compromise from Siletz's perspective to exercise its rights at Willamette Falls without the need to engage in litigation, and its initiation will advance Siletz's treaty interests. PGE does not have to engage in this particular mechanism to accommodate Siletz, but it is a viable and practical legal alternative to litigation. Grand Ronde opposes the PCPE because it refuses to acknowledge that other interested tribes have cultural interests at Willamette Falls.

**Adequate Representation:**

The Grand Ronde Tribe also opposes the Siletz Tribe's intervention in this proceeding on the ground that PGE can adequately represent Siletz's interests. Opposition, pp. 7-8. Unfortunately for Grand Ronde, the grounds for its argument were specifically addressed and rejected by the Court in its decision to grant intervention to Grand Ronde, in language equally

---

statement in Grand Ronde's Reply in Support of Intervention, Dkt. #19, p.4 at n.2, is an unsupported hearsay assertion by Grand Ronde that in general, it believes such registrations are routinely renewed. This is not an admissible factual statement under any federal rule. There is no factual basis to conclude that Grand Ronde has a "right" under state law to renewal of its State fishing platform registration.

applicable to the Siletz Tribe. In Grand Ronde's motion to intervene, PGE argued that DSL could adequately represent the Grand Ronde Tribe because it could raise all the defenses that Grand Ronde would raise. The Court rejected this argument: "PGE has not shown, however, that the interests of DSL are completely aligned with those of the Tribe such that DSL will 'undoubtedly' make those arguments and that it is willing to make such arguments." Opinion, p. 7.  The Court went on to engage in a more general discussion of when "adequate representation" exists:

> Further, the Tribe's distinct private interests favor intervention. The Tribe seeks to protect its ceremonial fishing practices, whereas DSL advances broader public interests held by the State. DSL therefore may not adequately represent the Tribe's private interests.

Opinion, p. 7.

The same is true for Siletz regarding its intervention motion. PGE has much broader interests in this condemnation proceeding than asserted Siletz fishing harvest rights. PGE's Complaint makes clear that it has brought the present action to fulfill the requirements of its FERC hydropower license, including hydropower generation, public and Project safety, management of environmental resources, protection of historic properties, and other beneficial uses. Complaint, ¶ 6. Siletz cultural harvest is not expressly mentioned and if included in any of the above categories, is a minor component of PGE's obligations under its License. Additionally, in its Opposition Grand Ronde admits that PGE can deny Siletz's future request for a PCPE once that document is approved. Opposition, p. 6. There is no way that PGE can adequately represent the "more narrow and parochial" sovereign interests of the Siletz Tribe. Opinion, p. 8.

**Miscellaneous:**

The Grand Ronde Tribe makes several additional arguments at the end of its Opposition at pp. 9-10.  First, Grand Ronde says the Court has "considerable discretion to deny intervention."  This argument by Grand Ronde is expressly contradicted by the Court's Decision

on Grand Ronde intervention, where the Court notes that a Rule 24 motion to intervene is guided primarily by practical and equitable considerations and is generally construed broadly in favor of intervention. Opinion, p. 2.

Second, the Grand Ronde Tribe argues that the Siletz Tribe's motion to intervene is defective under Fed. R. Civ. P. 24(c) because it is not accompanied by a separate pleading raising claims or defenses. Opposition, p. 9. This is not the law. While motions to intervene are generally accompanied by a pleading raising claims or defenses, Fed. R. Civ. P. 24(c) is satisfied as long as the motion to intervene provides sufficient notice to the court and parties of the interests of the party seeking intervention – including the legal and factual grounds for intervention – just as the Siletz Tribe has done. *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (citing *Shores v. Hendy Realization*, 133 F.2d 738, 742 (9th Cir. 1943)); *U.S. v. Metropolitan St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009); *Spring Constr. Co., Inc. v. Harris*, 614 F.2d 374, 376-77 (4th Cir. 1980). In this case, the Siletz Tribe does not have a "claim" against PGE or DSL; it has no authority under law to condemn the property in question. It is intervening to protect its own interests and case law allows it.

In addition, this issue has been addressed by the District Court in Oregon, in *Cow Creek Band of Umpqua Tribe of Indians v. Confederated Tribes of Siletz Indians of Oregon*, Civ. No. 1:14-cv-00324-PA. In that case the Siletz Tribe sought to intervene in the Cow Creek Tribe's petition to the federal court to conduct a perpetuation deposition of its historian, on the basis that the proposed deposition would involve the history and legal status of the Siletz Tribe. The Cow Creek Tribe opposed the Siletz Tribe motion to intervene on the ground that Siletz Fed. R. Civ. Proc. 24 motion was not accompanied by an appropriate pleading. *See* Response in Opposition to Siletz Tribe's Rule 24 Motion to Intervene, pp. 5-8, attached to 2nd Declaration of Craig Dorsay as Ex. 2 and incorporated herein by reference. Judge Panner rejected the Cow Creek Tribe's

argument and granted the Siletz Tribe's motion to intervene. Order, January 8, 2015, Dkt. #11, attached to 2nd Dec. of Craig Dorsay as Ex. 1 and incorporated herein by reference. While the issue in that case was different, the discussion about the requirements of Rule 24 was the same. Oregon District Court precedent rejects the Grand Ronde Tribe's argument on this point.

Finally, the Grand Ronde Tribe argues that granting the Siletz Tribe's motion to intervene will open the floodgates of other tribes seeking to intervene. Grand Ronde opened that supposed floodgate when it moved to intervene, and its argument is spurious. Any other tribe beyond Siletz that would seek to intervene would have to establish its interests in this proceeding and in Willamette Falls, just as Siletz has done. Each intervenor must be judged on its own merits. And upon information and belief, *see* 2nd Dec. of Craig Dorsay, ¶ 5, no other tribes are planning to intervene and will instead participate as amici if appropriate. Grand Ronde's speculation is unwarranted and insufficient to deny the Siletz Tribe's motion to intervene.

## Conclusion

Based on the Siletz Tribe's motion to intervene and this Reply Brief in support thereof, the Siletz Tribe's motion to intervene in the above-entitled proceeding should be granted.

RESPECTFULLY SUBMITTED this 6th day of September 2022

DORSAY & EASTON LLP

Craig J. Dorsay
craig@dorsayindianlaw.com
Lea Ann Easton
leaston@dorsayindianlaw.com
Kathleen Gargan
katie@dorsayindianlaw.com
Corin La Pointe-Aitchison
corin@dorsayindianlaw.com