ELLEN F. ROSENBLUM
Attorney General
NINA R. ENGLANDER #106119
SHAUNEE MORGAN #194256
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Nina.Englander@doj.state.or.us
        Shaunee.Morgan@doj.state.or.us

Attorneys for Defendant State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF OREGON, by and through THE OREGON DEPARTMENT OF STATE LANDS, and +/- FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON,<br><br>    Defendants,<br><br>  and<br><br>CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON, a federally recognized Indian tribe,<br><br>    Intervenor-Defendants. | Case No. 3:22-cv-00533-SI<br><br>JOINT PROPOSED CASE MANAGEMENT SCHEDULE |

Pursuant to the Court's Order of July 25, 2022 (ECF No. 22), the above-captioned parties propose the following case management schedule for the remaining deadlines in this matter.

## FED. R. CIV. P. 1

The parties have conferred regarding the efficient disposition of this case and believe that setting case management deadlines as set forth below will serve the interests of a just, speedy, and efficient resolution of this case.

## BACKGROUND

### 1. Status of pleadings

The complaint was served on Defendant State of Oregon, by and through the Oregon Department of State Lands ("Defendant" or "State") through the waiver of service process on April 15, 2022. The State filed its Answer on June 10, 2022.

Confederated Tribes of the Grand Ronde Community of Oregon ("Grand Ronde Tribe") moved to intervene as Defendant on May 19, 2022. The Court granted the motion to intervene and the Grand Ronde Tribe filed its Answer-in-Intervention on July 14, 2022.

On August 17, 2022, Confederated Tribes of Siletz Indians ("Siletz Tribe") moved to intervene as Plaintiff. PGE supports the Siletz Tribe's motion to intervene; the State does not oppose based, in part, on the Siletz Tribe's representation that it does not intend to assert any claims against the State; the Grand Ronde Tribe opposes.

### 2. The parties' Rule 26(f) Report and Discovery Plan

Through counsel, the parties engaged in a telephonic Rule 26(f) conference on August 23, 2022 and follow up discussions via email. The parties, by and through their undersigned counsel, jointly submit this Rule 26(f) Report:

*Rule 26(1) (3) (A): what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made*:

The parties agree to waive the Rule 26(a) disclosures except that Plaintiff PGE will promptly send to Intervenor-Defendant Grand Ronde a copy of the appraisal on defendant property and any resolutions adopted by the Board of Directors declaring a necessity to acquire all of DSL's title to the property.

*Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues*:

Defendant State of Oregon does not anticipate taking any fact discovery and is in the process of evaluating its need for expert testimony as to the valuation of the property.

PGE does not anticipate taking any fact discovery and its need for expert discovery will be limited to matters dealing with an appraisal from the State of Oregon, if any.

Intervenor-Defendant Grand Ronde will conduct fact discovery relating to the claims and defenses in this case primarily through written means. However, Grand Ronde reserves the right to conduct depositions of non-expert witnesses. Grand Ronde does not intend to seek expert discovery or utilize any experts.

*Rule 260(3)(C): Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced*:

The parties do not anticipate issues concerning discoverable electronically stored information and have discussed and agreed to preserve all such information.

*Rule 26(1)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502*:

The parties will provide privilege logs for any documents over which privilege is claimed. The parties agree to work cooperatively to prevent inadvertent disclosure of privileged

materials and will continue to meet and confer if issues concerning privileged or protected materials arise.

*Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed*:

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules as concerning this discovery in this case.

*Rule 26(f) (3) (F): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c)*:

The parties anticipate that there may be a need for a protective order under Rule 26(c) and expect that they will submit a stipulated protective order to the Court.

The parties jointly request that new deadlines be set in this case as follows:

| Event | Proposed Deadline |
| --- | --- |
| Fact Discovery Deadline | December 5, 2022 |
| Initial Expert Reports | December 5, 2022 |
| Rebuttal Expert Reports | January 25, 2023 |
| Expert Discovery Deadline | February 24, 2023 |
| Dispositive Motions | • Motions: April 10, 2023<br>• Response: May 10, 2023<br>• Reply: May 24, 2023 |

| | |
|---|---|
| Trial date | 60 days after Court's ruling on dispositive motions if valuation is the sole issue for trial; 120 days after Court's ruling on dispositive motions if other matters, apart from or in addition to valuation, are at issue for trial. |

DATED September  6 , 2022.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

   *s/ Nina R. Englander*
NINA R. ENGLANDER #106119
SHAUNEE MORGAN #194256
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Nina.Englander@doj.state.or.us
Shaunee.Morgan@doj.state.or.us
Of Attorneys for Defendant State of Oregon

   *s/ Kimberly D'Aquila*
**Kimberly D'Aquila, OSB #962557**
kim.daquila@grandronde.org
Tribal Attorney's Office
Confederated Tribes of Grand Ronde
9615 Grand Ronde Road
Grand Ronde, Oregon 97347
503/879-4664
Attorneys for Intervenor-Defendant

BALL JANIK LLP

By: *s/ Jack L. Orchard*
Jack L. Orchard, OSB #721888
jorchard@balljanik.com
BALL JANIK LLP
101 SW Main St., Ste. 1800
Portland, OR 97204-3219
(503) 228-2525
Attorneys for Plaintiff