**Kimberly D'Aquila, OSB #962557**
kim.daquila@grandronde.org
Tribal Attorney's Office
Confederated Tribes of Grand Ronde
9615 Grand Ronde Road
Grand Ronde, Oregon 97347
503/879-4664

**Richard Roos-Collins** (Cal. Bar #123231) (*admitted pro hac vice*)
rrcollins@waterpowerlaw.com
Water and Power Law Group PC
2140 Shattuck Avenue, Suite 801
Berkeley, California 94704
510/296-5589

Attorneys for Intervenor-Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF OREGON, by and through THE OREGON DEPARTMENT OF STATE LANDS, and +/- FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON,<br><br>    Defendants,<br><br>    and | Case No.: 3:22-CV-00533-SI<br><br>**JOINT MOTION TO MODIFY CASE MANAGEMENT SCHEDULE** |

PAGE 1 – JOINT MOTION TO MODIFY CASE MANAGEMENT SCHEDULE

| CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON, a federally-recognized Indian tribe, | |
|---|---|
| Intervenor-Defendant. | |

## LR 7.1 CERTIFICATION

In accordance with LR 7-1, the parties have conferred regarding this Motion and jointly request that the Court amend the Case Management Schedule as proposed below.

## MOTION

Pursuant to Fed. R. Civ. P. 16 and LR 16-3(a), the parties jointly move the Court to amend the fact discovery deadline as well as the deadline for the filing, response, and replies to dispositive motions as follows:

| Activity | Current Deadline | Requested Deadline |
|---|---|---|
| Fact Discovery Deadline | March 17, 2023 | May 16, 2023 |
| Dispositive Motions | April 10, 2023 | June 16, 2023 |
| Responses to Dispositive Motions | May 10, 2023 | July 17, 2023 |
| Replies to Dispositive Motions | May 24, 2023 | July 31, 2023 |

The parties request an extension of the fact discovery deadline and subsequent deadlines relating to dispositive motions for several reasons. First, Plaintiff has not completed production of documents in response to Intervenor-Defendant's first request for production of documents sent on September 28, 2022. Plaintiff is still in the process of collecting, reviewing and producing documents, and the parties are conferring on a protective order. An extension of the discovery deadline will allow Plaintiff to thoroughly complete collection, review, and production.

Second, even after Plaintiff finishes production of documents, Intervenor-Defendant requires time to review the documents before the discovery deadline. Without time to review the

documents, Intervenor-Defendant cannot identify whether additional fact discovery is necessary. An extension of time is necessary to ensure that Intervenor-Defendant has the ability to take depositions or serve additional document requests or interrogatories based on Plaintiff's responses to the initial discovery requests.

Third, Intervenor-Defendant and Plaintiff are continuing to confer on discovery issues. An extension will allow the parties additional opportunities to meet and confer on the scope of discovery and Plaintiff's written discovery responses in an effort to resolve discovery disputes.

The parties request for an extension of the fact discovery deadline is made in good faith and not for purposes of delay. The proposed change to the fact discovery deadline will affect the current deadlines for filing and responding to dispositive motions. Accordingly, the parties also request that the Court extend the deadlines for filing of and the responses and replies to dispositive motions as set out in the table above.

Dated: March 9, 2022.

**Attorneys for Plaintiff**

*/s/ Megan K. Houlihan*
Erick J. Haynie, OSB #982482
Christopher W. Rich, OSB #990954
Megan K. Houlihan, OSB #161273

**Attorneys for Defendant**

*/s/ Nina R. Englander*
Shaunee Vanessa Morgan, OSB #194256
Nina R. Englander, OSB #106119

**Attorneys for Intervenor-Defendant**

*/s/ Kimberly D'Aquila*
Kimberly D'Aquila, OSB #962557
Richard Roos-Collins (Cal. Bar #123231)
   *Admitted pro hac vice*

PAGE 3 – JOINT MOTION TO MODIFY CASE MANAGEMENT SCHEDULE