**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Christopher W. Rich**, OSB No. 990954
CRich@perkinscoie.com
**Megan K. Houlihan**, OSB No. 161273
MHoulihan@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PORTLAND GENERAL ELECTRIC**, an Oregon corporation,<br><br>     Plaintiff,<br><br> v.<br><br>**STATE OF OREGON**, by and through **THE OREGON DEPARTMENT OF STATE LANDS**, and **+/- FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON**,<br><br>     Defendants,<br><br> and<br><br>**CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON**, a federally recognized Indian tribe,<br><br>     Intervenor-Defendants. | Case No. 3:22-cv-00533-SI<br><br>**STIPULATED PROTECTIVE ORDER** |

1-  STIPULATED PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony.  This action concerns Plaintiff Portland General Electric's ("PGE") exercise of eminent domain over property and facilities that constitute a hydroelectric generation facility.  The parties expect to exchange documents and information relating to proprietary information and the hydroelectric generation facility, some of which may involve critical energy infrastructure and sensitive information implicating ongoing public safety issues.  The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding. This Protective Order is limited to the present federal court case, and any future consideration of a protective order for these materials (in other tribunals) shall be addressed in the ordinary course of such proceedings.

2. Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any purpose other than the legitimate, good faith prosecution and defense of this lawsuit.  This Protective Order is limited to the present federal court case, and any future consideration of a protective order for these materials (in other tribunals) shall be addressed in the ordinary course of such proceedings.  This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained through means or sources outside of this litigation.  Should a

2-    STIPULATED PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.  The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that has previously been maintained in a confidential manner and the producing party has a good faith basis for asserting is confidential and protected from disclosure under applicable law and rules.  Further, for purposes of this Protective Order, the parties will limit their designation of "Confidential" information to the following categories of information or documents:

*Financial records

*Information pertaining to critical energy infrastructure

* Sensitive information implicating ongoing public safety issues

* Proprietary information

* Trade secrets

The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

4.  Pursuant to LR 26-4(b) and (c), if portions of documents or other materials deemed "Confidential" are filed with the Court, they shall be filed electronically under seal in the manner and process described in Section 5 of the CM/ECF User Manual.  For other non-ECF filings of portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials, they shall be filed under seal and marked as follows or in substantially similar form:

**CONFIDENTIAL**
IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

3-   STIPULATED PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten (10) calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5. Within thirty (30) calendar days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

4-   STIPULATED PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

a. Counsel of record for the parties (including Assistant Attorneys General, Tribal attorneys, staff attorneys, partners, associates, clerks and paralegals employed by counsel of record's firms), and the administrative staff of counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

c. Any party to this action who is an individual, and every Tribal Council member, employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e. Former employees, but only to the extent necessary to further the interest of the parties in this litigation, and only after giving the designating party 10 days' notice of what specific documents marked "Confidential" are intended to be shared with the former employees.

f. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

g. The authors and the original recipients of the documents.

h. Any court reporter or videographer reporting a deposition.

i. Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action.

5-   STIPULATED PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

8. Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(c),7(d), or (e) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9. Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

10. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order.  If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party.  As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure.  If the parties are unable to resolve the matter informally, the party objecting to the confidential status of a document may file an appropriate motion before the Court.  In response to a motion brought pursuant to this paragraph, the designating party must show good cause to maintain the Protective Order as to the document in dispute.  A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential."  The receiving party or its counsel shall not be held liable, however, for disclosure of such documents or materials if that party or counsel did not know or should not reasonably have known that a claim of confidentiality would be made by the producing party.  Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated

6-   STIPULATED PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by either party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute and in any dispute regarding whether confidentiality of information or documents has been waived, the fact that the other party designated or failed to designate information or documents as "Confidential."

13. Upon the request of the producing party or third party, within thirty (30) calendar days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, PGE and the Confederated Tribes of the Grand Ronde, and any person affiliated with PGE or the Confederated Tribes of the Grand Ronde authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

14. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

15. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

7- STIPULATED PROTECTIVE ORDER

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

16. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order

17. Nothing in this Order shall be construed to change or restrict the obligation of the Oregon Department of State Lands and the Oregon Department of Justice to respond to Public Records Requests pursuant to ORS chapter 192.

So stipulated:

DATED: March 14, 2023.

**CONFEDERATED TRIBES OF GRAND RONDE - ATTORNEY'S OFFICE**

By: */s/ Kimberly S. D'Aquila*
   Kimberly S. D'Aquila, OSB No. 962557
   Kim.daquila@grandronde.org
   9615 Grand Ronde Road
   Grand Ronde, OR 97347
   Telephone: (503) 879-2170

WATER AND POWER LAW GROUP, PC

Richard Roos-Collins, *pro hac vice*
Rrcollins@waterpowerlaw.com
2140 Shattuck Ave., Ste 801
Berkeley, CA 94704
Telephone: (510) 296-5589

*Attorneys for Intervenor-Defendant*

**PERKINS COIE LLP**

By: */s/ Megan K. Houlihan*
   Erick J. Haynie, OSB No. 982482
   EHaynie@perkinscoie.com
   Christopher W. Rich, OSB No. 990954
   CRich@perkinscoie.com
   Megan K. Houlihan, OSB No. 161273
   MHoulihan@perkinscoie.com
   1120 N.W. Couch Street, Tenth Floor
   Portland, Oregon 97209-4128
   Telephone: (503) 727-2000

*Attorneys for Plaintiff*

**OREGON DEPARTMENT OF JUSTICE**

By: */s/ Nina R. Englander*
   Shaunee V. Morgan, OSB No. 194256
   Shaunee.morgan@doj.state.or.us
   Nina R. Englander, OSB No. 106119
   Nina.englander@doj.state.or.us
   100 SW Market Street
   Portland, OR 97201
   Telephone: (971) 673-5022

*Attorneys for Defendants*

8- STIPULATED PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED:  March 17, 2023

_____
Judge Michael H. Simon

9- STIPULATED PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

**EXHIBIT A**

I, _____, have been advised by counsel of record for _____ in the case of *Portland General Electric v. State of Oregon and Confederated Tribes of the Grand Ronde Community of Oregon*, Case No. 3:22-cv-00533-SI of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

Dated: _____

Signed: _____

Printed: _____

1- EXHIBIT A TO STIPULATED PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222