# PERKINSCOIe

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

☎ +1.503.727.2000
🖷 +1.503.727.2222
PerkinsCoie.com

Christopher W. Rich
CRich@perkinscoie.com
D.  +1.503.727.2004
F.  +1.503.346.2004

December 14, 2018

**VIA HAND DELIVERY**

Director Vicki Walker
c/o Oregon Department of State Lands
Aquatic Resource Management Program
775 Summer Street NE, Suite 100
Salem, OR  97301-1279

**Re:     Request for Contested Case Hearing: Decision of Director on Appeal of Issuance of Registration No. 59537-RG**

Dear Director Walker:

Enclosed please find Portland General Electric Company's Request for contested case hearing regarding the above matter.

Very truly yours,

Christopher W. Rich
Attorney for Portland General Electric Company

CWR:cej

Enclosure

142464528.1

Perkins Coie LLP

Exhibit 9
Page 1 of 9
CTGR00000177
PGE_000451

**BEFORE THE DIRECTOR OF THE DEPARTMENT OF STATE LANDS OF THE STATE OF OREGON**

| | |
|---|---|
| **Registration No. 59537-RG Issued to the Confederated Tribes of the Grand Ronde** | DSL Registration No. 59537-RG<br><br>REQUEST FOR CONTESTED CASE HEARING PURSUANT TO OAR 141-082-0340(2) |

## I.

This request for a contested case hearing is submitted on behalf of Portland General Electric Company (PGE) regarding the Department of State Lands (DSL) issuance of *Registration No. 59537-RG Issued to the Confederated Tribes of the Grand Ronde on August 31, 2018* (*Registration*). *See* Exhibit 1, attached. PGE submitted a timely *Administrative Appeal of Department of State Lands (DSL) Registration APP005937-RG issued to the Confederated Tribes of the Grand Ronde on August 31, 2018 (PGE Appeal)* to DSL Director, Vicki Walker, on September 28, 2018. *See* Exhibit 2, attached. The *PGE Appeal* raised legal and factual issues in support of PGE's assertion that the *Registration* improperly granted rights to the Confederated Tribes of Grand Ronde to use and occupy rock outcroppings (located on PGE property at the base of Willamette Falls and within PGE's federal hydropower boundary) to construct and access a fishing platform.

## II.

The *PGE Appeal* raised objections to the *Registration* include the following[1]:

1. PGE, and not DSL, owns the property subject to the *Registration* (Registration Area), and therefore DSL had no authority or jurisdiction to issue the *Registration*;

---

[1] This summary of legal and factual arguments from the *PGE Appeal* is to provide context for this request for contested case hearing. Pursuant to Section V.1, below, the *PGE Appeal*, including all legal and factual assertions therein, are expressly incorporated by reference and made a part of the administrative record for the contested case proceeding.

1-   REQUEST FOR CONTESTED CASE

[17584302_1.DOC]

Exhibit 9<br>Page 2 of 9

CTGR00000178<br>PGE_000452

2. DSL issued the *Registration* in violation of DSL's own rules, including:

- failure to determine that the platform complied with local land use and zoning laws;

- failure to require a state dredge or fill permit for the platform construction;

- failure to comply with Federal Energy and Regulatory Commission (FERC) requirements including, but not limited to, failure to obtain approval of non-project use of project lands, failure to conduct Traditional Cultural Properties consultation with the State Historic Preservation Office (SHPO) and area Tribes, and failure to ensure the *Registration* use will meet FERC requirements for "protection of life, health and property";

- failure to confirm that the *Registration* will not interfere with commerce and will not result in the loss of, or damage to, natural, historical, cultural or archeological resources.

### III.

In response to the *PGE Appeal* (and other appeals of the *Registration* filed by area Tribes), DSL Director, Vicki Walker, issued a November 26, 2018, *Decision of Director on Appeal of Issuance of Registration No. 59537-RG* (*DSL Decision*) which upheld the *Registration* (without any substantive comment on the factual and legal issues raised in the *PGE Appeal* or other appeals), with one modification relating to a petroglyph[2] located in the Registration Area. *See* Exhibit 3, attached.

---

[2] In the *DSL Decision*, at page 2, Director Walker makes the statement "The Department believes that attaching the platform deck and structural components to existing base plates, and accessing and using the site for the fishing platform shall not be considered to be ground-disturbing activities," however DSL offers no evidence to support this assumption, and, moreover, it is not within DSL's jurisdiction or regulatory purview to make such a determination. Accordingly, this finding lacks substantial evidence and constitutes clear error of law, as cited in section V.2, below.

2-   REQUEST FOR CONTESTED CASE

[17584302_1.DOC]

Exhibit 9
Page 3 of 9
CTGR00000179
PGE_000453

**IV.**

Pursuant to OAR 141-082-0340(2), the *DSL Decision* provides PGE the right to request a contested case hearing no later than 20 days from the date the *DSL Decision* was served.

**V.**

PGE hereby timely requests a contested case hearing on the *DSL Decision* for the following reasons:

1. The *Registration* continues to violate state and federal law based on the facts and arguments articulated in the *PGE Appeal*, which are incorporated herein by reference and included in this request for contested case hearing and the related administrative record;

2. The *DSL Decision* further violates state and federal law by failing to provide the required SHPO and FERC consultations with regard to the discovery and protection of the petroglyph, Traditional Cultural Properties, and other cultural resources in the Registration Area.

3. The *DSL Decision* fails to respond to any of the substantive arguments in the *PGE Appeal* (or other appeals) and therefore lacks substantial evidence to support the decision to affirm the *Registration*.

4. The *DSL Decision* is based on clear error of law and must be reversed.

5. Other facts and legal arguments which may be developed through the course of the contested case hearing.

DATED:  December 14, 2018

By _____
Christopher W. Rich, OSB 990954
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR  97209
Phone: (503) 727-2266
E-mail:  CRich@perkinscoie.com

Attorney for Portland General Electric Company

3-   REQUEST FOR CONTESTED CASE

[17584302_1.DOC]

Exhibit 9
Page 4 of 9
CTGR00000180
PGE_000454

**Oregon**

Kate Brown, Governor

**Department of State Lands**
775 Summer Street NE, Suite 100
Salem, OR 97301-1279
(503) 986-5200
FAX (503) 378-4844
www.oregon.gov/dsl

**State Land Board**

Kate Brown
Governor

Dennis Richardson
Secretary of State

Tobias Read
State Treasurer

August 31, 2018

CC 90000/APP0059537
*US First Class and electronic mail*
Confederated Tribes of the Warm Springs Reservation of Oregon
ATTN: Chairman Austin Greene, Jr.
PO Box C
1233 Veteran's Street
Warm Springs, OR 97761

**RE: App 0059537 Willamette Falls Fishing Platforms, Issuance of Registration**

This letter is to inform you that I am approving the application of the Confederated Tribes of the Grand Ronde (CTGR) for a Registration allowing the use and construction of a fishing platform at Willamette Falls. I make this decision after careful consideration of the matter and the input that you, the Tribal Council, members, staff, and legal counsel to the Confederated Tribes of the Warm Springs Reservation of Oregon (CTWS) have provided through our ongoing government to government consultations. This input has included several thorough letters, phone calls, and personal conversations over the last two years, as well as in-person meetings with Board members and staff on February 15, 2017, August 21, 2018, and August 28, 2018, and further extensive communications today.

I appreciate the time and attention that the CTUWS and the Confederated Tribes of Umatilla Indian Reservation (CTUIR) have afforded to this Registration application. In response to issues and concerns raised during our consultations with the CTWS and CTUIR, the Registration includes several important conditions in order to reduce potential adverse impacts.

First, the platform construction, use and maintenance must not unreasonably interfere with any legal uses at the site, including the legal lamprey harvest. Should the use of the platform result in an unreasonable interference with any legal uses of the area, the Department has authority to modify or terminate the Registration.

Second, the platform may only be used for the purposes of harvesting salmonids under OAR 635-041-0610; any other uses are not authorized.

Third, the platform may only be in place during the period of time that harvesting is allowed by the ODFW Ceremonial Harvest Permit. In previous years, I understand that ODFW has authorized the harvest during the months of March to July, though ODFW has full authority to set the season each year. Once the Permit expires, the platform must be removed.

EXHIBIT 1
PAGE 1 of 5    Exhibit 9
Page 5 of 9

CTGR00000181
PGE_000455

CTWS Chairman Austin Greene, Jr.
APP 0059537 DSL Response
August 24, 2018

Fourth, only one platform may be installed at a time, though the Registration allows for footings to be installed in three different areas.

Fifth, the platform must be constructed, installed and maintained in a manner that minimizes the visual and environmental impacts, including considerations for the color of the platform, signage on the platform, and condition of the platform.

Sixth, the CTGR is obligated to work in good faith with upland owners to ensure that CTGR's use of the platform does not interfere any upland owners' use of the upland. The Department understands that PGE has obligations under its FERC license and the Department expects CTGR to work with PGE to resolve these issues.

Seventh, the CTGR is obligated to work with the State Historic Preservation Office in the event that any archaeological resources are encountered during construction.

I hope that you agree that these conditions address many of the concerns raised by CTWS. The Department looks forward to continuing our relationship with the CTWS through future collaboration and consultation.

Sincerely,

Vicki L. Walker, Director
Department of State Lands

cc:     Governor Kate Brown
        Oregon State Treasurer Tobias Read
        Oregon Secretary of State Dennis Richardson
        Dustin Buehler, Deputy General Counsel, Governor Brown
        Jan Reibach, Tribal Lands Manager, Confederated Tribes of the Grand Ronde
        Bill Ryan, DSL Deputy Director
        Matt DeVore, Asst. Attorney General, Oregon Department of Justice
        Kamala Shugar, Special Counsel, Oregon Department of Justice
        Curt Melcher, ODFW Director

EXHIBIT 1
PAGE 2 of 5    Exhibit 9
Page 6 of 9
CTGR00000182
PGE_000456



**Oregon**

Kate Brown, Governor

August 31, 2018

SN410/APP0059537-RG
CONFEDERATED TRIBES OF GRAND RONDE
9615 GRAND RONDE RD
GRAND RONDE, OR  97347

**Department of State Lands**

775 Summer Street NE, Suite 100
Salem  OR 97301-1279
(503) 986-5200
FAX (503) 378-4844
www.oregon.gov/dsl

**State Land Board**

Kate Brown
Governor

Dennis Richardson
Secretary of State

Tobias Read
State Treasurer

## REGISTRATION
### APP0059537-RG

The Department of State Lands ("Department" or "DSL") hereby authorizes and approves the Registration for the Confederated Tribes of Grand Ronde ("CTGR" or "Holder") to construct, operate, maintain and use a fishing platform, located at one of three identified potential locations each with individual footings (collectively referred to as "Structure"), at Willamette Falls, in Clackamas County (T2S, R2E, Section 31). See the attached figure showing the three locations. The Holder is authorized to use this Structure for a ceremonial harvest of salmonids as allowed under OAR 635-041-0610 (referred to as the "Use").  No other structures or uses are allowed under this Registration.  This Registration is valid from August 31, 2018 until August 30, 2023, as further described in the terms and conditions listed below.

Under OAR 141-082-0330 (3), Holder will be required to notify the Department of any of the following changes:
   a) Change in the location or size of a registered structure ninety (90) calendar days prior to such change.
   b) Change in ownership of a registered structure or use as a result of a sale or conveyance within ninety (90) calendar days of the transfer of ownership.
   c) Change in ownership by operation of the law resulting from a bankruptcy, foreclosure, estate settlement, or the like within thirty (30) calendar days of the final settlement or decision. Failure to notify the Department of a change in the location, size, or the ownership of a registered structure or use within the time provided will result in the automatic termination of the registration.

Holder is authorized to install footings at any time after the date of issuance of this Registration. Holder is authorized to maintain a fishing platform at a single location only during the period for which the Holder is authorized to harvest salmonids under its Oregon Department of Fish and Wildlife (ODFW) Ceremonial Harvest Permit.  Holder must remove the fishing platform each year on or before the date that the ODFW Ceremonial Harvest Permit expires.

Holder agrees to allow and not unreasonably interfere with legal lamprey harvest that occurs in the area. If legal lamprey harvest location changes over the time period of this registration, or if the Holder's Use or Structure otherwise interferes with any legal lamprey harvest in the area, the Department may amend or terminate this Registration.

Holder agrees that the Structure shall be constructed, installed and maintained in a manner that minimizes the visual and environmental impact of the Structure.  Specifically, the materials will include wood, fiber reinforced decking, and metal (galvanized steel and aluminum), and the structure shall be natural in color in order to blend into the existing landscape. The Structure shall not contain any signage or symbols without prior written approval of the Department.  The Holder will keep the Structure clean and in good condition.

EXHIBIT 1
PAGE 3 of 5    Exhibit 9
Page 7 of 9
CTGR00000183
PGE_000457

Holder agrees to work in good faith with upland owners to ensure that Holder's Structure and Use do not interfere with any upland owners' use, including Portland General Electric. Holder further agrees that to the extent any federal regulation or license imposes a legal obligation on Holder, Holder will ensure Holder's Use or Structures will comply with all federal regulations and licenses that apply to Holder's Use or Structures, including the terms of any Federal Energy Regulatory Commission license that impose a legal obligation on Holder.

If any archaeological resources, artifacts or human remains are encountered during construction, all construction activity must immediately cease. Holder must contact the State Historic Preservation Office at 503-986-0674. Holder understands that it may be contacted by a Tribal representative if it is determined by an affected Tribe that the project could affect Tribal cultural or archeological resources.

The Holder agrees to defend, indemnify and hold the State harmless from and against all claims, demands, actions, suits, judgment, losses, damages, penalties, fines, costs, and expenses (including expert witness fees and costs and attorney's fees in an administrative proceeding, at trial, or on appeal) arising from or attributable, in whole or in part, to the Registration or any operations conducted or allowed by the Holder on the lands in use. "State" means the State of Oregon and its boards, commissions, agencies, officers, employees, contractors, and agents.

This Registration must be renewed every five (5) years. The Department will notify Holder to renew the Registration prior to the expiration date of the Registration.

**The Department may modify the conditions of this Registration, or terminate this Registration, if during the term of the Registration the Department determines that the Structure or Use unreasonably interferes with any person's legal right to use the waterway for fishing, navigation, commerce, and recreation, or if the Department determines that the Structure or Use does not comply with applicable local, state, or federal law or regulation or any of the conditions of this Registration.**

Sincerely,

**STATE:**
The State of Oregon, acting by and through the Oregon State Land Board and the Department of State Lands
775 Summer ST NE, STE 100
Salem, OR  97301-1279

_Bill Ryan / Deputy Director_
Authorized Signature/Title

_8/31/2018_
Date

**GRANTEE:**
Confederated Tribes of Grand Ronde

9615 Grand Ronde Rd
Grand Ronde, OR  97347

_[signature]_
Signature/Title

_General Manager_     8·31·18
Date

Enclosure: Figure showing platform locations.

EXHIBIT 1
PAGE 4 of 5    Exhibit 9
Page 8 of 9
CTGR00000184
PGE_000458



EXHIBIT 1
PAGE 5 of 5　　Exhibit 9
Page 9 of 9
CTGR00000185
PGE_000459