ELLEN F. ROSENBLUM
Attorney General
SHAUNEE MORGAN #194256
Assistant Attorney General
CHRISTINA L. BEATTY-WALTERS #981634
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Shaunee.Morgan@doj.oregon.gov
           Tina.BeattyWalters@doj.oregon.gov

Attorneys for Defendant State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF OREGON, by and through THE OREGON DEPARTMENT OF STATE LANDS, and +/- FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON,<br><br>    Defendants,<br><br>    and<br><br>CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON, a federally recognized Indian tribe,<br><br>    Intervenor-Defendants. | Case No.  3:22-cv-00533-SI<br><br>STATE OF OREGON'S RESPONSE TO PORTLAND GENERAL ELECTRIC COMPANY'S MOTION FOR SUMMARY JUDGMENT |

Page 1 -   STATE OF OREGON'S RESPONSE TO PORTLAND GENERAL ELECTRIC
           COMPANY'S MOTION FOR SUMMARY JUDGMENT
           S6M/sv3/976086575
                                    Department of Justice
                                    100 SW Market Street
                                    Portland, OR 97201
                                    (971) 673-1880 / Fax: (971) 673-5000

Through the present action, Plaintiff Portland General Electric ("PGE") seeks to condemn approximately five acres of unimproved land at Willamette Falls ("Property") under the Federal Power Act. *See* ECF No. 1. Defendant State of Oregon, by and through the Department of State Lands, ("State" or "DSL") has asserted and continues to assert ownership of the Property. Given controlling Supreme Court authority allowing utilities to condemn state-owned property, the State files this response to PGE's Motion for Summary Judgment.

PGE holds a FERC license to operate its hydroelectric facility at Willamette Falls. PGE therefore has the federal power of eminent domain to take property without the consent of the owner. *See* 16 U.S.C. § 814. Eminent domain may be exercised by public officials or, as here, by private parties to whom the power has been delegated. The federal power of eminent domain extinguishes the entirety of an owner's rights, including a state's public trust rights. *See U.S. v. 32.42 Acres of Land, More or Less, Located in San Diego Cty., State of Cal.*, 683 F.3d 1030, 1038 (9th Cir. 2012).

In 2021, the U.S. Supreme Court adopted a landmark shift in the eminent domain jurisprudence and held that the federal government may constitutionally confer on private parties the authority to condemn State property. *See PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2251 (2021). Specifically, the Court held that the Natural Gas Act delegates federal eminent domain power to private utility companies to condemn against state-owned property without the State's consent. *See id.* Although PGE asserts condemnation authority in this case under the Federal Power Act, not the Natural Gas Act, courts have held that the identical condemnation provisions in both acts are to be given the same meaning. *See S. Natural Gas Co. v. Land, Cullman Cty.*, 197 F.3d 1368,1375 (11th Cir. 1999). Therefore, based on the *PennEast* rationale, the State understands current law to allow PGE to condemn state-owned property.

Article 5 of the Federal Power Act requires a licensee, in relevant part, "to acquire title in fee or the right to use in perpetuity all lands, other than lands of the United States, necessary or appropriate for the construction, maintenance, and operation of the project." The State

Page 2 -   STATE OF OREGON'S RESPONSE TO PORTLAND GENERAL ELECTRIC
           COMPANY'S MOTION FOR SUMMARY JUDGMENT
       S6M/sv3/976086575
                           Department of Justice
                           100 SW Market Street
                           Portland, OR 97201
                       (971) 673-1880 / Fax: (971) 673-5000

understands the scope of judicial review for a licensee's determination of necessity to be limited to "deciding whether the determination of necessity was arbitrary, capricious, or made in bad faith." *Chapman v. Pub. Util. Dist. No. 1 of Douglas Cty., Wash.,* 367 F.2d 163, 167 (9th Cir. 1966). The State does not intend to present any evidence to that effect in this case.

However, the State objects to PGE's proffered description of the Property. That description relies on variable markers and is insufficient to clearly delineate its boundaries. *See* Decl. of Justin Russell in Supp. of State of Oregon's Resp. to Portland General Electric Company's Mot. for Summ. J. ¶¶ 4-11. A clear delineation of property lines with fixed boundaries is important to avoid present and future ambiguity about ownership. *Id.* ¶ 13. The State, therefore, respectfully requests that any determination from this Court regarding PGE's exercise of eminent domain to condemn the Property clearly delineate the boundaries of any future ownership.

Finally, as PGE accurately represents in its Motion for Summary Judgment, DSL issued a registration to Intervenor Defendant Confederated Tribes of Grand Ronde on August 31, 2018, to install a fishing platform on the Property to harvest ceremonial fish as authorized by the Oregon Department of Fish and Wildlife. *See* ECF No. 70-10. The State emphasizes two points relating to tribal cultural practices. First, the issue for resolution in this case is PGE's exercise of eminent domain over the Property. This Court's decision should not attempt to resolve or be construed as resolving any issue relating to tribal fishing rights, treaty rights, or other cultural practices. Second, the State is committed to ensuring that the federally recognized tribes continue to have meaningful access and opportunities to engage in cultural practices, including at

Page 3 -   STATE OF OREGON'S RESPONSE TO PORTLAND GENERAL ELECTRIC
           COMPANY'S MOTION FOR SUMMARY JUDGMENT
S6M/sv3/976086575
                        Department of Justice
                        100 SW Market Street
                        Portland, OR 97201
                 (971) 673-1880 / Fax: (971) 673-5000

the Property. To that end, the State acknowledges and credits PGE's expression of its commitment to resubmit a request to FERC to facilitate cultural practices at the Property. *See* ECF No. 70 ¶¶ 29-30.

DATED October 15, 2024.

                                        Respectfully submitted,

                                        ELLEN F. ROSENBLUM
                                        Attorney General

                                        *s/ Shaunee Morgan*
                                        SHAUNEE MORGAN #194256
                                        Assistant Attorney General
                                        CHRISTINA L. BEATTY-WALTERS #981634
                                        Senior Assistant Attorney General
                                        Trial Attorneys
                                        Tel (971) 673-1880
                                        Fax (971) 673-5000
                                        Shaunee.Morgan@doj.oregon.gov
                                        Tina.BeattyWalters@doj.oregon.gov
                                        Of Attorneys for Defendant State of Oregon

Page 4 -   STATE OF OREGON'S RESPONSE TO PORTLAND GENERAL ELECTRIC
          COMPANY'S MOTION FOR SUMMARY JUDGMENT
     S6M/sv3/976086575
                                        Department of Justice
                                        100 SW Market Street
                                        Portland, OR 97201
                              (971) 673-1880 / Fax: (971) 673-5000