**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Christopher W. Rich**, OSB No. 990954
CRich@perkinscoie.com
**Megan K. Houlihan**, OSB No. 161273
MHoulihan@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile: +1.503.727.2222

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PORTLAND GENERAL ELECTRIC COMPANY**, an Oregon corporation;<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF OREGON**, by and through **THE OREGON DEPARTMENT OF STATE LANDS** and +/- **FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON**;<br><br>Defendants,<br><br>and<br><br>**CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON**, a federally-recognized Indian tribe,<br><br>Intervenor-Defendant. | Case No. 3:22-CV-00533-SI<br><br>**PLAINTIFF PORTLAND GENERAL ELECTRIC COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Oral Argument:  12/4/24 2:30 PM<br>                Judge Simon |

PGE'S SUMMARY JUDGMENT REPLY

062187.0028\169769351.9

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................... 1

DISCUSSION .......................................................................................................................... 2

    A.    Factual Record and Existing Briefing. .................................................................. 2

    B.    PGE's Summary Judgment Reply:  DSL ............................................................ 3

        1.    DSL does not dispute the merits of PGE's condemnation claim. ........................ 3

        2.    DSL's legal description concerns can be resolved and do not provide a basis to deny PGE's motion. ............................................................................... 3

    C.    PGE's Summary Judgment Reply:  Grand Ronde ............................................... 5

        1.    Factual Background. ............................................................................................. 5

        2.    The Grand Ronde misconstrues PGE's condemnation powers under the Federal Power Act. ................................................................................................ 5

        3.    The undisputed evidence shows that the Condemnation Property is needed for project purposes (and not just the PCPE). ....................................................... 7

        4.    Grand Ronde does not present any evidence from which a reasonable fact finder could conclude that PGE has filed this action in bad faith. ........................ 9

        5.    The State does not challenge PGE's necessity claim. ......................................... 13

CONCLUSION ........................................................................................................................ 14

i-    TABLE OF CONTENTS

062187.0028\169769351.9

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

# TABLE OF AUTHORITIES
Page(s)
**CASES**
*Chapman v. Public Utility District No. 1 of Douglas County*,
   367 F.2d 163 (9th Cir. 1966) ................................................................................... passim

*Ga. Power Co.*,
   106 FERC ¶ 61,085 (2004) ............................................................................................10

*United States v. Gettysburg Elec. Ry. Co.*, 160 U.S. 668, 680 (1896) ..........................................7

*Grand River Dam Auth.*,
   187 FERC ¶ 61,211 (June 27, 2024) ...............................................................................6

*Grand River Dam Auth.*,
   136 FERC ¶ 62,183 (2011) ............................................................................................10

*La. v. Sabine River Auth.*,
   524 F.2d 934 (5th Cir. 1975) ...........................................................................................6

*La. v. Sabine River Auth.*, 524 F.2d 934, 942 (5th Cir. 1975) ........................................................6

*PennEast Pipeline Co., LLC v. New Jersey*, 594 U.S. 482, 497, 141 S. Ct. 2244,
   2257, 210 L. Ed. 2d 624 (2021) ......................................................................................7

*Tuscarora Nation of Indians v. Power Auth. of the State of N.Y.*, 257 F.2d 885, 894
   (2d Cir. 1958) ..................................................................................................................7

*Wis. Pub. Serv. Corp.*,
   104 FERC ¶ 61,295 (2003) ..............................................................................................6

**STATUTES**

Federal Power Act (section 21, 16 U.S.C. § 814) .................................................................. passim

**RULES**

FRCP 71.1(c)(2)(B) ............................................................................................................11

FRCP 71.1(c)(2)(C) ..............................................................................................................4

ii-   TABLE OF AUTHORITIES

062187.0028\169769351.9

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

# INTRODUCTION

Plaintiff Portland General Electric Company ("PGE") holds the federal license for the Willamette Falls Hydroelectric Project No. 2233 ("Project"), issued by the Federal Energy Regulatory Commission ("FERC") under the Federal Power Act ("FPA"), by order dated December 8, 2005. *See* ML Ex. 6 (ECF 70-6). Under Article 5 of that license, PGE must own or control all lands necessary for the maintenance and operation of the Project. *Id.* at 152. Intervenor-Defendant Confederated Tribes of the Grand Ronde Community of Oregon ("Grand Ronde") wants to build a fishing platform within the administrative boundaries of the Project established by FERC (i.e., the "Project boundary") and come and go from the Willamette Falls outside of PGE's control. To that end, Grand Ronde sought and obtained an order (via a "Registration") from the Oregon Department of State Lands ("DSL") purporting to authorize Grand Ronde to access and use a rock outcropping at the base of Willamette Falls squarely within the FERC-established Project boundary. DSL's issuance of the Registration challenges PGE's control over the rock outcropping in question.

With its summary judgment motion, PGE provided clear evidence establishing that all lands at issue in this case—i.e., approximately five acres of real property along the Willamette River near West Linn, including an area located within the Willamette Falls ("Condemnation Property")—are necessary to meet a number of requirements under PGE's FERC license. *See* NL ¶ 8. In responding to PGE's motion, DSL acknowledges PGE's condemnation power under section 21 of the Federal Power Act and declines to present any contrary evidence or defense in response to PGE's motion, apart from an administrative request to adjust to the form of the legal description of the taking.[1]

Grand Ronde, as Intervenor-Defendant, attempts a different position than DSL, disputing

---

[1] As discussed later in this memorandum, DSL's request for a "metes and bounds" legal description is untimely and unnecessary. Nonetheless, PGE is willing to cooperate with DSL's request, which will require the performance of additional survey work that is feasibly performed only in the summer months (low tide).

| 1- | **PGE'S SUMMARY JUDGMENT REPLY** | Perkins Coie LLP<br>1120 N.W. Couch Street, Tenth Floor<br>Portland, Oregon 97209-4128<br>Phone: +1.503.727.2000<br>Fax: +1.503.727.2222 |
|---|---|---|

PGE's motion, but raising no plausible challenge to PGE's use of (and need for) the Condemnation Property for hydroelectric operations. Instead, in an attempt to overcome the extraordinarily narrow scope of judicial review established by *Chapman v. Public Utility District No. 1 of Douglas County*, 367 F.2d 163, 167 (9th Cir. 1966), Grand Ronde tries to cast aspersions on PGE's internal decision-making relative to a July 28, 2021 meeting of PGE's Board of Directors authorizing the filing of this lawsuit. Under *Chapman*, however, judicial review of PGE's condemnation decision is limited and does not involve a searching inquiry into written Board materials or any claimed improper "motivation" or "pretext" for the decision.

PGE is ultimately entitled to dispositive relief because it cannot act "arbitrarily, capriciously, or in bad faith" when exercising its condemnation authority to secure control over lands demonstrably needed to comply with its regulatory obligations. DSL asserts a claim of ownership over the Condemnation Property[2] and is now exercising competing regulatory jurisdiction over the area. This, in turn, led to litigation between the parties and two years of unsuccessful mediation. Under these circumstances, PGE is empowered to comply with its license by condemning these lands under FPA section 21. As is clear from its summary judgment response, DSL does not dispute this conclusion. Accordingly, PGE's motion for summary judgment should be granted.

## DISCUSSION

### A.  Factual Record and Existing Briefing.

This reply is supported by the existing Court record in this matter, including without limitation the factual materials filed previously by PGE in connection with the parties' cross-motions for summary judgment: (a) the 9/13/24 Declaration of Mark Lindley in Support of Plaintiff's Motion for Summary Judgment, ECF 70 ("ML"); (b) the 9/13/24 Declaration of Nick Loos in Support of Plaintiff's Motion for Summary Judgment, ECF 71 ("NL"); (c) the 9/13/24 Declaration of Erick J. Haynie in Support of Plaintiff's Motion for Summary Judgment, ECF 69

---

[2] *See* ECF 76 (DSL SJ Response) ("[DSL] has asserted and continues to assert ownership of the Property").

2-   PGE'S SUMMARY JUDGMENT REPLY

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

("EH I"); (d) Plaintiff's Sealed Exhibits re Plaintiff's Motion for Summary Judgment (9/13/24), ECF 72 (the "Sealed Exhibits"); and (d) the 10/15/24 Declaration of Erick J. Haynie in Opposition to the Motion for Summary Judgment By the Confederated Tribes of the Grand Ronde Community of Oregon ("EH II"). Additionally, PGE files concurrently herewith the Declaration of Erick J. Haynie in Support of PGE's Summary Judgment Reply ("EH III") and the Declaration of Patrick Gaylord ("PG"). Additionally, for the sake of brevity and to minimize repetition, PGE incorporates by reference into this reply all argument and discussion set forth in PGE's response to Grand Ronde's motion for summary judgment (ECF 74).

In the discussion that follows, PGE first replies to DSL's response to PGE's summary judgment motion (ECF 76). Then, PGE replies to Grand Ronde's response to PGE's summary judgment motion (ECF 76).

**B.      PGE's Summary Judgment Reply:  DSL**

    **1.      DSL does not dispute the merits of PGE's condemnation claim.**

DSL does not dispute PGE's right to condemn under the Federal Power Act ("FPA"). (ECF 76). DSL also notes that it is not offering any evidence that PGE's necessity determination was "arbitrary, capricious or made in bad faith" under *Chapman*. (*Id.*) Because DSL does not dispute the merits of PGE's condemnation claim or the Court's standard of review, PGE's motion for summary judgment should be granted.

    **2.      DSL's legal description concerns can be resolved and do not provide a basis to deny PGE's motion.**

In its response, DSL raises an issue with the form of PGE's legal description of the Condemnation Property. (ECF 76). DSL also submits a declaration from Justin Russell, who offers an opinion about the "clarity" of PGE's legal description from Patrick Gaylord, an Oregon licensed surveyor. While DSL is untimely in raising this issue, PGE is willing to work with DSL to resolve the concerns.

3-    **PGE'S SUMMARY JUDGMENT REPLY**

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

      **(a)    DSL is untimely in raising concerns with the legal description of the Condemnation Property.**

PGE served its expert report of Patrick Gaylord, PGE's surveyor who prepared Exhibit B to the Complaint, on December 5, 2022. (EH ¶ 3). DSL did not dispute or respond to PGE's expert witness disclosure. *See* EH ¶ 3 & Ex. 1. Under the November 18, 2022 scheduling order governing this case, any rebuttal to an expert report was due by January 25, 2023. (ECF 32). Accordingly, as a formal matter, Mr. Russell's declaration should be disregarded, as it is in substance an untimely expert report that prejudices PGE. While PGE disagrees that Mr. Gaylord's legal description is insufficient,[3] had DSL had timely raised an objection to Mr. Gaylord's report, PGE would have had the opportunity to make any necessary adjustments prior to the September 13, 2024 deadline for filing for summary judgment (ECF 63). *See* Fed. R. Civ. P. 26(2)(C) (requiring timely disclosure of employee expert testimony).

      **(b)    The legal description from Mr. Gaylord sufficiently identifies the Condemnation Property.**

While DSL prefers a different methodology than used by PGE's surveyor, what the law requires is "a description sufficient to identify the property". Fed. R. Civ. P. 71.1(2)(C). The survey provided by Mr. Gaylord is sufficient to identify the Condemnation Property and generate the various maps that are part of this summary judgment record. (PG; EH ¶ 3). Any contrary view should have been expressed in an expert rebuttal report.

      **(c)    In any event, PGE is agreeable to addressing DSL's concerns through the final or amended conveyance deed.**

Based on a telephonic conferral with DSL counsel, PGE understands that DSL does not wish to have a "trial" over the proper form of legal description. (EH III, ¶ 2). Additionally, in the spirit of cooperation, PGE is willing to work with DSL to provide an alternative legal description in a "metes and bounds" format. However, commissioning the legal description requested by DSL requires a physical survey, which can feasibly be performed only in summer months. (PG).

---

[3] *See* GL (letter declaration from Mr. Gaylord responding to Mr. Russell's untimely rebuttal and demonstrating the sufficiency of the legal description as drafted).

4-   **PGE'S SUMMARY JUDGMENT REPLY**

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

It would be prejudicial to PGE, and the speedy administration of justice, for the parties to wait yet another year in order to resolve PGE's condemnation claim.  Fed. R. Civ. P. 1.  Given the untimely disclosure, the Court should grant PGE's motion and schedule a trial to determine the value of the Condemnation Property.[4]  The parties can and should cooperate to generate a proposed form of condemnation judgment for execution by the Court and recording in the land records of Clackamas County.  Depending on the timing of the final judgment, an amended legal description can be used that is satisfactory to both parties.  Alternatively, the judgment can use the legal description set forth in Mr. Gaylord's unrebutted expert report, with any party being granted leave to move to amend the legal description as just and appropriate.  PGE and DSL remain in conferral on this issue. (EH III, ¶ 2).

C.    **PGE's Summary Judgment Reply:  Grand Ronde**

   1.    **Factual Background.**

For sake of brevity, PGE in reply incorporates by reference the factual discussion set forth in its October 15, 2024 opposition to Grand Ronde's motion for summary judgment (ECF 74) and supporting materials.

   2.    **The Grand Ronde misconstrues PGE's condemnation powers under the Federal Power Act.**

In responding to PGE's summary judgment motion, the Grand Ronde takes a number of positions that are incorrect as concerns PGE's condemnation authority under the Federal Power Act (section 21, U.S.C. § 814).  PGE addresses each, in turn below.

   (a)    **PGE may seek to condemn property outside of the existing project boundary.**

Grande Ronde incorrectly argues that PGE's condemnation authority is limited to the land within the FERC-established Project boundary.  FPA section 21, 16 U.S.C. § 814, confers broad authority upon PGE, as a FERC licensee, to exercise the federal government's right of eminent domain over lands that are necessary for the licensed project.  The condemnation

---

[4] PGE is hopeful that a dispute can be avoided on the valuation question.  No party served any rebuttal to PGE's valuation report.  *See* EH ¶ 6.

5-    **PGE'S SUMMARY JUDGMENT REPLY**

062187.0028\169769351.9

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

authority is not limited to property located strictly within a project's formal FERC boundary. Notably, the plain language of FPA section 21 makes no reference to a FERC boundary, and instead references lands "necessary to the construction, maintenance, or operation of any dam, reservoir, diversion structure, or the works appurtenant or accessory thereto."

Just a few months ago, FERC ruled that section 21 confers condemnation authority to lands both within *and outside* the boundary. *Grand River Dam Auth.*, 187 FERC ¶ 61,211 (EH II Ex. 1), at ¶ 32 (June 27, 2024) ("FPA Section 21 does not reference the project boundary. While the Commission has discretion in determining the project boundary on a case-by-case basis, a licensee's obligation under Article 5 to acquire the necessary property rights for all project purposes is separate and distinct as required under the FPA."). Furthermore, "[c]ourts have held that Section 21 is available to obtain not only lands necessary for the dam, reservoir, and other project works, but also lands for other project purposes." *Wis. Pub. Serv. Corp.*, 104 FERC ¶ 61,295 at 62,089 (citing *La. v. Sabine River Auth.*, 524 F.2d 934, 942 (5th Cir. 1975) (allowing acquisition of land for recreational purposes even though it had not been part of the original project outline).

Furthermore, and as PGE has already noted, the fishing platform site—the only area over which Grande Ronde asserts an interest in this case—is unquestionably wholly within the Project boundary. *See* PGE SJ Opp. (ECF 74) at 16. Thus, even under the Grand Ronde's incorrect interpretation of FPA section 21, PGE is authorized to condemn the lands in which Grand Ronde ascribes an interest.

**(b)   Judicial review of PGE's condemnation decision is limited and does not involve a searching inquiry into the evidence supporting the decision or the decision's ultimate merits.**

Under *Chapman*, a district court's review of a FERC licensee's decision to exercise condemnation authority under FPA section 21 is highly circumscribed. That review must give deference to the licensee's "determination of necessity under the federal statute." *Chapman v. Public Utility District No. 1 of Douglas County*, 367 F.2d 163, 167 (9th Cir. 1966). A

6-   PGE'S SUMMARY JUDGMENT REPLY

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

condemnation decision by a FERC licensee meets this highly deferential standard of review if the licensee exercised its discretion "honestly, fairly, and upon due consideration . . . , even though there be room for a difference of opinion upon the course to follow, or a belief by the reviewing authority that an erroneous conclusion has been reached." *Id.* at 168 (internal quotation marks omitted). As PGE has already discussed, PGE has met this standard. *See* ECF 75 (PGE SJ Opp.) at 11-13.

        **(c)    PGE, as a FERC licensee, is vested with the power of eminent domain.**

Under Section 21 of the Federal Power Act, Congress vested licensees "with the governmental power of eminent domain," such that a FERC licensee's exercise of that authority "is thus the act of an agency of the sovereign." *Tuscarora Nation of Indians v. Power Auth. of the State of N.Y.*, 257 F.2d 885, 894 (2d Cir. 1958), *rev'd on other grounds sub nom.*, *Fed. Power Comm'n v. Tuscarora Indian Nation*, 362 U.S. 99 (1960). DSL agrees. (ECF 76).

Grand Ronde cites *United States v. Gettysburg Elec. Ry. Co.*, 160 U.S. 668, 680 (1896) to suggest that a different standard of review should apply to PGE, as a private company, than articulated in *Chapman*. That position is unavailing. *Gettysburg* does not construe (and in fact predates altogether) the Federal Power Act. Moreover, modern U.S. Supreme Court caselaw is clear that the federal condemnation power is delegable to a private party. *See PennEast Pipeline Co., LLC v. New Jersey*, 594 U.S. 482, 497, 141 S. Ct. 2244, 2257, 210 L. Ed. 2d 624 (2021) ("Since its inception, the Federal Government has wielded the power of eminent domain, and it has delegated that power to private parties"). PGE is not aware of any authority concluding that Federal Power Act standards, or the standards set forth in *Chapman*, should apply differently as between FERC and a FERC licensee.

        **3.    The undisputed evidence shows that the Condemnation Property is needed for project purposes (and not just the PCPE).**

As Grand Ronde concedes, in order for PGE to prevail on its condemnation claim under section 21 of the FPA, "PGE must first demonstrate that the Condemnation Property is necessary

7-    **PGE'S SUMMARY JUDGMENT REPLY**

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

062187.0028\169769351.9

for the construction, maintenance, or operation of its project, and that it was unable to acquire the use of the property through contract or negotiation." This standard is born from Article 5 of PGE's FERC license, which requires that PGE own or control[5] all lands necessary for the maintenance and operation of the Project. PGE, indisputably, has proven both elements referenced by Grand Ronde.

First, there can be no reasonable dispute that the Condemnation Property is necessary and appropriate to PGE's maintenance and operation of the Project. *See generally* NL & ML. Mr. Loos notes in particular how PGE's ability to control the Condemnation Property is not only necessary for purposes of public safety, but also to allow PGE to comply with numerous of its regulatory obligations, including cultural resource management, dam management, dam safety, fish stranding and salvage, and lamprey passage, among others. NL ¶¶ 8.a-g; *see also* ML ¶ 31. Contrary to Grand Ronde's suggestion, Mr. Loos' declaration identifies the specific article or ordering paragraphs that compel PGE to engage in required operational activities within the Condemnation Property. NL ¶¶ 8.a-g. Thus, while PGE's intention to pursue a cultural practices easement at Willamette Falls is entirely consistent with its regulatory obligations,[6] and finds support with the State,[7] it is PGE's reasonable and demonstrated need to control the Condemnation Property for project-related purposes without interference that is primary.

Second, PGE has indisputably been unable to acquire control over the Condemnation Property through contract or negotiation. DSL to this day claims ownership to the Condemnation Property. (ECF 76, ¶ 1) (10/15/24) ("[DSL] has asserted and continues to assert ownership of the Property"). PGE attempted to purchase it from DSL, but those negotiations were unsuccessful. (ML ¶ 26). PGE even engaged in two years of mediation with DSL and Grand Ronde in an effort to resolve matters, but agreement could not be reached. (ML ¶ 23;

---

[5] Specifically, under Article 5 (ECF 70-6 at 152) PGE must "acquire title in fee or the right to use in perpetuity all lands . . . necessary or appropriate for the construction, maintenance, and operation of the project".
[6] *See* ECF 74 (PGE SJ Opp.) at 17-18.
[7] *See* ECF 76 (DSL SJ Response) at 3-4.

8- **PGE'S SUMMARY JUDGMENT REPLY**

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

ECF 83-4 at 4; ECF 84 ¶ 16). Given the conflicting claims of ownership,[8] regulatory jurisdiction[9] and use,[10] PGE initiated this proceeding to establish clear title to the Condemnation Property. This decision was specifically authorized by a resolution issued by PGE's Board of Directors noting the necessity to "maintain compliance with the FERC License, the safe and efficient operation of the Project, and for public necessity . . . ." (ECF 72-1 at 11).

Given that PGE has proven both elements of its claim, as framed by Grand Ronde, there is no reasonable basis not to grant PGE's motion for summary judgment.

Grand Ronde's narrow interpretation of FERC's order denying (without prejudice) PGE's PCPE application is unreasonable and, in any event, does not form a reasonable basis for any find finder to conclude PGE has acted in "bad faith". FERC clearly indicated in its administrative ruling that PGE had to resolve ownership issues in order to proceed further with its application. *See* ML ¶ 27 & Ex. 14 ¶ 12 (FERC order) ("*Given the ongoing litigation regarding land ownership*, the record is unclear as to whether PGE currently has the rights to convey the proposed Easement.") (emphasis added). Following the directives of its regulatory authority—no less for at least one end now lauded by the State—cannot reasonably be construed as PGE acting in anything other than good faith.

### 4. Grand Ronde does not present any evidence from which a reasonable fact finder could conclude that PGE has filed this action in bad faith.

Under the highly deferential standard in *Chapman*, this Court must look no farther than PGE's reasonably articulated bases for exercising its FPA Section 21 condemnation authority, which are amply supported by the record PGE presented in its affirmative motion for summary judgment. PGE exercised its discretion "honestly, fairly, and upon due consideration," regardless of whether "there be room for a difference of opinion upon the course to follow, or a belief by

---

[8] ECF 76, ¶ 1 (10/15/24) (DSL assertion of ownership over Condemnation Property).
[9] ECF 70-10 (8/31/18 "Registration" by which DSL asserts regulatory jurisdiction over a portion of the Condemnation Property).
[10] ECF 70-11 at 1 (exemplar email from Grand Ronde to PGE stating that "We are notifying you that we will [be] accessing the real property by boat.").

9-   **PGE'S SUMMARY JUDGMENT REPLY**

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

the reviewing authority that an erroneous conclusion has been reached." *Chapman*, 367 F.2d at 163. What's more, Grand Ronde has not offered any evidence from which a reasonable fact finder could conclude that PGE acted for an improper purpose or in bad faith.

### (a) This action was approved by the PGE Board of Directors following two years of unsuccessful mediation.

Contrary to Grand Ronde's contention, there is ample evidence in the record to support the Board's resolution authorizing this action.[11] The Board's resolution recites that the Board "consulted with the Company's legal counsel and its subject matter experts in real estate and engineering as well as those concerned with the operation and maintenance of the Project". (ECF 72-1, at 11). The Board's resolution followed two years of unsuccessful mediation with two respected jurists, Judges Leavy (now deceased) and Judge Brown. (ECF 83-4 at 4). As Grand Ronde references, the Board also engaged in an attorney-client privileged discussion at its July 28, 2021 meeting with its then Vice President, General Counsel and Corporate Compliance Officer, Lisa Kaner. (ECF 83-5 at 3). Any prudent hydropower licensee, like PGE in this case, must be able to control access to all lands that are needed to safely operate the project. This is particularly true here, where the Condemnation Property comprises a treacherous waterfall located in the middle of the Willamette River and directly in the zone of danger of PGE's electricity-generating operations.

Grand Ronde's analysis also unreasonably assumes that the PGE Board of Directors is not generally familiar with the goings-on of the company when it issues resolutions. If the exact materials considered by PGE's Board of Directors on the particular day of July 28, 2021 had any relevance, the Board's consideration of the ownership dispute over the Condemnation Property would be enough to support condemnation. Implicit in the ownership dispute is PGE's ability to control the Project and associated FERC license compliance issues. As the Board's resolution

---

[11] It is not even clear that PGE's Board of Directors was required to authorize this lawsuit, whether by resolution or otherwise, although it clearly did so. To be sure, Grand Ronde has not established the necessity of the resolution or any particular form of resolution.

10-   **PGE'S SUMMARY JUDGMENT REPLY**

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

explained, ownership is critical "to maintain compliance with the FERC License," including a mandate for "the safe and efficient operation of the Project." ML Ex. 13 at 10–11. The Grand Ronde have not shown anything improper about the Board's actions or the conclusions of PGE's professional staff involved with the decision to condemn the subject property. To the contrary, the undisputed facts provide the express motivation for condemnation consistent with PGE's license, FERC regulations, and express authority under the FPA.

Grand Ronde criticizes PGE's supporting declarations as "self-serving" and "lay opinions," ignoring the foundation demonstrated by the declarants' respective positions and tenures, each of which is significant. Mr. Lindley is a Senior Principal with PGE who has 22 years with the company and has worked extensively on real estate and cultural practices at Willamette Falls. (ML ¶¶ 1, 16-17, 24). Mr. Loos has been with PGE for 17 years, serving as the Director of Dam Safety for approximately six years. (NL ¶ 1). Grand Ronde's suggestion of inadmissibility is without basis or analysis.

That suggestion is also belied by the historical record, which clearly demonstrates that PGE has been raising concerns about safety and operations in and around Willamette Falls ever since questions arose about whether PGE or DSL owns or controls the property. Indeed, as noted back in August of 2018 in a letter to DSL from two PGE Vice Presidents (and attached to Mr. Greene's declaration), "PGE has significant concerns regarding the proposed platforms, most notably for public safety, but also because the platforms may interfere with PGE's operations of its hydroelectric project." ECF 84-5 (8/29/18 letter). This letter is contemporaneous and clearly "corroborates" what Mr. Lindley and Mr. Loos have stated to the Court in their declarations. As the 2018 letter notes:

> The application indicates that the Grand Ronde Tribes propose to construct fishing platforms just below the dam structure on Willamette Falls on the western bank of the river. This area is integral to the operation of PGE's hydro project and is included in the project's FERC established boundary (see attached map). The adjacent T.W. Sullivan hydroelectric powerhouse has used the powerful water flow from the falls to generate electricity to serve PGE's customers since 1889. The proposed platform site area is

11-   **PGE'S SUMMARY JUDGMENT REPLY**

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

> located below the dam in an extremely hazardous area directly in the project spillway, where PGE does not even allow access for its own employees under most circumstances and without extraordinary safety supervision and precautions. The area is not visible from PGE's powerhouse and any operational fault at the plant could result in an immediate uncontrolled flow of river water over the falls causing serious injury or death. Debris, such as full-sized trees, often washes over the dam into this area. While the Grand Ronde Tribes would be the intended user of such platforms, the platforms would inevitably also present a temptation to other members of the public unaware of the inherent risks.

ECF 84-5 (8/29/18 letter); *see also* ECF 70-8 at 25 (9/21/18 letter to Grand Ronde from PGE General Counsel discussing "PGE's safety, security and operational concerns" and "legal obligations" as relates to a potential fishing platform at Willamette Falls); ECF 71-1 (5/8/17 email from Mr. Loos, noting in reference to a potential fishing platform that "[t]his is an area that is extremely dangerous and is out of our control (i.e., when flashboard fail, flow increases and 60' cottonwood trees crest the falls").

**(b) PGE's pursuit of FERC approval for a non-project use of project land does not make PGE's condemnation decision improper or in bad faith.**

Grand Ronde points to PGE's application for a "non-project" use of Project lands as alleged proof that PGE does not seek to condemn the Condemnation Property for a permissible Project-related purpose under the FERC license. *See* ECF 66 (Grand Ronde SJ Response), at 32. PGE has rebutted this argument elsewhere and will not repeat the analysis here. *See* ECF 74 (PGE SJ Response) at 16-18. In short, PGE's pursuit of FERC approval for the draft PCPE through an approval of a request for non-project use of project land only strengthens the conclusion that PGE does, in fact, operate and maintain the Condemnation Property to meet FERC license obligations, and that the non-Project activities of providing access for construction and operation of tribal fishing platforms must be harmonized with PGE's other project-related obligations on the Condemnation Property. DSL's support for PGE's resubmission of the PCPE further supports the conclusion that no bad faith may be reasonably inferred from PGE's stated future intentions. *See* ECF 76 (DSL SJ Resp.) at 4 ("the State acknowledges and credits PGE's expression of its commitment to resubmit a request to FERC to facilitate cultural practices at the

12- **PGE'S SUMMARY JUDGMENT REPLY**

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Property").

            **(c)**    **PGE timely pursued condemnation after the ownership dispute with the State and the implications of that dispute became clear.**

Nothing about the timing of the condemnation action shows bad faith on PGE's part. No one, including DSL and Grand Ronde, ever challenged PGE's control over the Willamette Falls and the Condemnation Property until roughly 2016, when Grande Ronde went to DSL for authorization to place a fishing platform at the Condemnation Property. D'Aquila Decl. Ex. 1 at 14–17. After it became clear that control over the property was in dispute, PGE initiated an administrative appeal to challenge the Registration purporting to allow the Grand Ronde to install a fishing platform on the Condemnation Property under DSL's asserted state ownership. *See* EH Ex. 9 ("Request for Contested Case Hearing"). PGE filed this condemnation action after the attempted alternative dispute resolution fell apart in the administrative appeal. ML ¶ 23.[12] And it was not until October 24, 2022 that FERC ruled that PGE could not move forward with its proposed PCPE without clear ownership of the Condemnation Property. ML ¶ 27 & Ex. 14 ¶ 12 ("Given the ongoing litigation regarding land ownership, the record is unclear as to whether PGE currently has the rights to convey the proposed Easement.").

      **5.**    **The State does not challenge PGE's necessity claim.**

Grand Ronde asserts that PGE's motion should be denied because DSL challenges PGE's necessity claim. As is clear from DSL's summary judgment response, however, that is not the case. *See* ECF 76. Grand Ronde also references FRCP 71.1(c)(2)(B)[13] as somehow presenting an issue. That rule requires a complaint to describe the "uses for which the property is to be taken" in a condemnation action. The parties are now well beyond pleading issues in this matter, but regardless PGE's complaint provides a short and plain statement of its intended uses for the

---

[12] *See also* Verified PGE Supplemental Interrogatory Response No. 11 (3/31/23) (EH II Exs. 7-8) (providing discussion of procedural history); *see also* ECF 67-2 (copy offered by Grand Ronde).
[13] Grand Ronde actually references FRCP "71.1(2)(B)", but appears to intend to reference FRCP 71.1(c)(2)(B).

13-   **PGE'S SUMMARY JUDGMENT REPLY**

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Condemnation Property. *See* ECF 1 (Complaint) ¶ 6 ("The Property is necessary and appropriate in PGE's maintenance and operation of the Hydroelectric Project, including hydroelectric power generation, public and Project safety, management of environmental resources, protection of historic properties, and other beneficial public uses required by the Project license and the Federal Power Act.").

## CONCLUSION

Grand Ronde fails to raise a genuine issue of fact for trial that PGE acted "arbitrarily, capriciously, or in bad faith" in exercising its statutory condemnation authority under the Federal Power Act to secure control over lands needed to comply with FERC license obligations. Accordingly, PGE respectfully requests that the Court grant PGE's motion for summary judgment.

DATED: November 1, 2024.   **PERKINS COIE LLP**

By: */s/ Erick J. Haynie*
    **Erick J. Haynie**, OSB No. 982482
    EHaynie@perkinscoie.com
    **Christopher W. Rich**, OSB No. 990954
    CRich@perkinscoie.com
    **Megan K. Houlihan**, OSB No. 161273
    MHoulihan@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: +1.503.727.2000

*Attorneys for Plaintiff*

14- PGE'S SUMMARY JUDGMENT REPLY

062187.0028\169769351.9

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222