**Erick J. Haynie**, OSB No. 982482
EHaynie@perkinscoie.com
**Christopher W. Rich**, OSB No. 990954
CRich@perkinscoie.com
**Megan K. Houlihan**, OSB No. 161273
MHoulihan@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

*Attorneys or Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PORTLAND GENERAL ELECTRIC COMPANY**, an Oregon corporation;<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**STATE OF OREGON**, by and through **THE OREGON DEPARTMENT OF STATE LANDS** and +/- **FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON**;<br><br>　　　　　Defendants,<br><br>　and<br><br>**CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON**, a federally-recognized Indian tribe,<br><br>　　　　　Intervenor-Defendant. | No. 3:22-cv-00533-SI<br><br>**PLAINTIFF'S SUPPLEMENTAL SUMMARY JUDGMENT MEMORANDUM**<br><br>By Portland General Electric Company |

1- **PLAINTIFF'S SUPPLEMENTAL SUMMARY JUDGMENT MEMORANDUM**

062187.0028\164140641.7

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Pursuant to leave granted at the December 4, 2024 summary judgment hearing, Plaintiff Portland General Electric Company ("PGE") respectfully submits this memorandum of supplemental authorities.

## DEFENDANT'S BURDEN OF PROOF AS CONCERNS ALLEGATIONS OF BAD FAITH IN CONDEMNATION ACTIONS

PGE has already cited to the Court, and will not repeat, various authorities discussing the limited scope of judicial review as concerns the decisions of FERC licensees to pursue condemnation under Section 21 of the Federal Power Act ("FPA"), including the inapplicability of "pretext" arguments by those challenging such decisions. *See*, *e.g.*, ECF 68 (PGE Opening SJ Memo) at 20-21; ECF 74 (PGE Reply) at 11-13. Apart from these authorities, PGE has not located any authorities discussing specifically the evidentiary burden of proof of a party claiming bad faith as a defense to such an action. There is, however, authority supporting the general proposition that a party alleging bad faith in condemnation actions must prove that defense by clear and convincing evidence.

For example, in *Albanian Associated Fund v. Twp. of Wayne*, No. CIV.A. 06-CV-3217PGS, 2007 WL 2904194, at *6 (D.N.J. Oct. 1, 2007), the Court addressed disputes arising over a municipality's right to condemn a mosque as a public open space. The Court in *Albanian Associated Fund* noted that "[i]n order to set aside the condemnation action, the plaintiffs bear the burden of proving fraud, bad faith, or manifest abuse *by clear and convincing evidence*." *Id.* at *6 (emphasis added). As another example, the state courts of New Jersey have articulated a rule requiring clear and convincing evidence in condemnation cases involving allegations of bad faith. *See Essex Cnty. Imp. Auth. v. RAR Dev. Assocs.*, 323 N.J. Super. 505, 516, 733 A.2d 580, 585 (Law. Div. 1999) ("evidence showing that the government acted in bad faith must be *clear and convincing*") (emphasis added); *see also Klump v. Cybulski*, 274 Wis. 604, 612, 81 N.W.2d 42, 47 (1957) ("Judicial interference with the utility's determination would at most be warranted

2- PLAINTIFF'S SUPPLEMENTAL SUMMARY JUDGMENT MEMORANDUM

062187.0028\164140641.7

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

only by a *convincing* showing that the determination is unreasonable, arbitrary, or not made in good faith") (emphasis added).  Similarly, the Seventh Circuit has suggested that a showing of bad faith in the condemnation context must be "egregious" to be sustained.  *See United States v. 416.81 Acres of Land*, 514 F.2d 627, 632 (7th Cir. 1975) ("Only in cases of egregious bad faith will the right to condemn be denied, . . . for in those circumstances the taking may not be for a 'public' use at all") (citing *United States v. 2,606.84 Acres of Land in Tarrant Cnty., Tex.*, 432 F.2d 1286, 1287 (5th Cir. 1970).

"If a claim requires clear and convincing evidence, the issue on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim." *Erickson v. ING Life Ins. & Annuity Co.*, 731 F. Supp. 2d 1057, 1068 (D. Idaho 2010).  In evaluating this standard, the Court at oral argument made reference to ECF 83-7, which is a "Benefit/Risk Assessment" by a PGE employee, Mini Sharma-Ogle, dated November 28, 2016 that references a number of considerations she made at the time as concerns a "Grand Ronde Fishing Platform/Shoreline Proposal."  As the Court noted, the document makes reference at the end to "potential impacts" to a Warm Springs relationship.  (ECF 87-3).

This document does not support a reasonable inference that PGE clearly and convincingly acted in "bad faith" in approving the filing of this condemnation action.[1]  The report suggests no inappropriate motives by anyone, is dated nearly five (5) years before PGE's Board of Directors authorized the filing of this suit, involves an employee with no executive authority, and references a number of other concerns referenced by Mr. Loos in his declaration, including public safety and FERC issues.  Given the dearth of any evidence that PGE's decision-makers associated with the condemnation action were motivated in any way by a desire to somehow appease Warm Springs, the lack of any special privileges granted Warm Springs under PGE's proposed cultural practices easement, and the wide expanse of discovery provided in this

---

[1] PGE disputes acting in bad faith at all under any evidentiary standard.

3- PLAINTIFF'S SUPPLEMENTAL SUMMARY JUDGMENT MEMORANDUM

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

matter generally (including document discovery, interrogatories and multiple depositions), PGE respectfully suggests that, under the clear and convincing evidence standard identified by the Court, Grand Ronde has failed to make a requisite showing to necessitate a trial in this matter.

## ADDITIONAL FACTUAL REFERENCES

With respect to additional factual references in the record relating to PGE's concern for safety and regulatory compliance in and around Willamette Falls, PGE notes the following:

ECF 67-1:  This is a 12/7/16 public comment from PGE employee Mini Sharma Ogle in response to Grand Ronde's request to DSL to "lease" Willamette Falls for ceremonial fishing.  In this comment, Ms. Ogle notes (among other things) that "PGE requests that DSL include in the lease a requirement for [Grand Ronde] to develop, subject to PGE approval/concurrence, a Ceremonial Harvest Safety Plan that describes measures that will be in place to ensure the safety of Ceremonial Fishers . . . ."

ECF 69-6:  5/2/17 email from Ms. Ogle noting safety concerns, including concerns referenced by Grand Ronde in April of 2017 at ECF 69-8.

ECF 69-7:  Internal PGE emails from May of 2017 noting that area is "extremely dangerous and is out of our control" and that access to area could create "a hazard for members of the public".

ECF 70-12:  Draft Perpetual Cultural Practices Easement ("PCPE"), referencing safety and operational requirements (Sections 9, 12.2 and 14), PGE's regulatory obligations in the area (Section 2.2), and the requirement that each tribal member "make reasonable and good faith efforts to coordinate with each other Grantee with respect to access of to the Easement Area" (Section 3.1).

4-    PLAINTIFF'S SUPPLEMENTAL SUMMARY JUDGMENT MEMORANDUM

062187.0028\164140641.7

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED: December 19, 2024            **PERKINS COIE LLP**

By: <u>*/s/ Erick J. Haynie*</u>
    **Erick J. Haynie**, OSB No. 982482
    EHaynie@perkinscoie.com
    **Christopher W. Rich**, OSB No. 990954
    CRich@perkinscoie.com
    **Megan K. Houlihan**, OSB No. 161273
    MHoulihan@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: 503.727.2000
    Facsimile: 503.727.2222

*Attorneys for Plaintiff*

5- PLAINTIFF'S SUPPLEMENTAL SUMMARY JUDGMENT MEMORANDUM

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

062187.0028\164140641.7