**Craig J. Dorsay**, OSB #970315
craig@dorsayindianlaw.com
**Lea Ann Easton**, OSB #881413
leaston@dorsayindianlaw.com
**Kathleen Gargan**, OSB #193613
katie@dorsayindianlaw.com
**Corin La Pointe-Aitchison**, OSB # 180841
corin@dorsayindianlaw.com
**Dorsay & Easton LLP**
1737 NE Alberta St., Suite 208
Portland, OR 97211
503-790-9060

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PORTLAND GENERAL ELECTRIC COMPANY, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON, by and through THE OREGON DEPARTMENT OF STATE LANDS, and +/- FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON,<br><br>Defendants,<br><br>and<br><br>CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON, a federally-recognized Indian tribe,<br><br>Intervenor-Defendant. | Case No. : 3:22-CV-00533-SB<br><br>**AMICUS TRIAL BRIEF OF THE CONFEDERATED TRIBES OF SILETZ INDIANS** |

Comes now amicus Confederated Tribes of Siletz Indians ("Siletz Tribe") and submits this short trial brief in response to the trial briefs filed by the parties. The Court granted the Siletz Tribe general amicus curiae status in this case by Order dated December 7, 2022, Dkt. 33, p. 7.

Before addressing specific points, the Siletz Tribe wants to offer several comments about the current posture of this case. Siletz believes the Court's understanding of the underlying background in this case has matured since Siletz filed its motion to intervene early in the proceeding, which the Court denied at the time on the ground that Siletz's interests would not be impacted by a result in this proceeding.

First, the Siletz Tribe supports the legitimate purposes of PGE's condemnation action, seeking to gain ownership and control of necessary areas for safety and operation of its FERC hydropower facility pursuant to the condemnation authority granted under the Federal Power Act. The basis for condemnation stands on its own merits.

Second, Condemnation will address and resolve a number of issues of great concern to the Siletz Tribe and to other Northwest Tribes with connection to Willamette Falls. These concerns are completely independent of any business relationship PGE may have with a tribe in other areas; the Siletz Tribe has no business relationships with PGE. PGE had no idea what it was getting itself into when it was first approached by the Confederated Tribes of the Grand Ronde Community of Oregon's ("Grand Ronde Tribe") in 2016 about locating a tribal fishing platform at Willamette Falls within the Project Area. PGE was unwittingly placed in the middle of a number of inter-tribal issues by Grand Ronde's request – made without any notice to or consultation with any other tribe. Siletz's understanding is that PGE paused its discussions with Grand Ronde about the fishing platform after it realized that other Northwest tribes had concerns and that there were larger issues that needed to be addressed.

In Siletz's opinion, PGE has expended great effort and expended substantial sums of money in an effort to find a reasonable way to accommodate the legitimate cultural practices of all involved tribes at Willamette Falls in a safe, equitable, and transparent manner, for the benefit of all the Northwest Tribes. PGE has been consistent throughout its approach and its consideration of the interests of each tribe.

Third, The Siletz Tribe believes that the placement of Grand Ronde's fishing platform at its present location at Willamette Falls places Siletz fishers and gatherers in increased danger in exercising their treaty fishing and gathering rights. The areas where fish and lampreys can be caught and gathered in reasonable numbers at Willamette Falls are extremely limited, and each

area has substantial safety and danger concerns. Grand Ronde's preemptive seizure of a primary fishing area at Willamette Falls relegates Siletz and the other NW tribes to more marginal and dangerous locations. It interferes with the other tribes' treaty right to fish at the location where Grand Ronde has located its fishing platform to the exclusion of other tribes. There was no discussion or consideration of Siletz's interests in this location before the Grand Ronde Tribe occupied it exclusively.

So, while not the primary reason for PGE's condemnation action, it will help address areas of substantial concern to the Siletz and other tribes. These include:

1. Meaningful consultation under the FERC HPMP cultural practices process among all five tribes expressing an interest in cultural resources and practices at Willamette Falls. This includes equal access to the limited traditional fishing and lamprey areas under treaty or other rights or privileges.

2. Consultation on the impact of Grand Ronde's fishing platform location, seasonal installation and removal, and construction in this culturally important area of Willamette Falls.

3. Protection of ancient cultural artifacts such as petroglyphs affected by Grand Ronde's fishing platform.

Condemnation of the subject area resolving ownership also allows PGE to continue its voluntary efforts to grant all willing tribes a Perpetual Cultural Practices Easement (PCPE) under a FERC-approved Non-Project Use process for the Project Area that will benefit the Siletz Tribe and all other involved tribes.

Now Siletz turns to its specific concerns with the Grand Ronde Tribe's trial brief.

The Siletz Tribe submits this amicus brief to correct several erroneous factual assertions contained in the Grand Ronde Trial Brief, Dkt. 121, March 11, 2025. The Siletz Tribe supports and agrees with the factual and legal arguments made by Plaintiff PGE in its trial brief, Dkt. 110, March 4, 2025, regarding the main substance issues in this condemnation action.

The Siletz Tribe makes two primary points on Grand Ronde's Trial Brief. First, the Grand Ronde Tribe asserts in its Trial Brief that all "Native American tribes," including itself, regularly access Willamette Falls for "cultural purposes, specifically for lamprey harvesting," and that this harvesting "has been authorized under rules set by the Oregon Department of Fish

and Wildlife." Dkt. 121, pp. 2-3. The Grand Ronde Tribe has obtained registration from the Oregon Division of State Lands to erect a fishing platform on the property at issue and harvest a small number of salmon at the Falls under another State permit. Grand Ronde asserts that condemnation of the property at issue here is not necessary because the other tribes (Confederated Tribes and Bands of Yakama Nation, Confederated Tribes of the Warm Springs Reservation of Oregon, the Confederated Tribes of the Umatilla Indian Reservation, and the Siletz Tribe) can also obtain a similar state permit to engage in fishing activity at the Falls.

Grand Ronde's factual assertions on this issue contain two errors. First, the Columbia River treaty tribes (Yakama, Warm Springs and Umatilla) do not harvest lamprey pursuant to state authority. They harvest lamprey under federal law pursuant to ratified federal treaties that reserve off-reservation fishing rights, pursuant to tribal regulations that those tribes adopted in the exercise of their sovereign authority. *See, e.g.* Willamette Falls Lamprey Harvest - CRITFC. https://critfc.org/willamette-falls-lamprey-harvest/

Since the entry of the 1980 federal court consent decree which limited exercise of its treaty rights, the Siletz Tribe to date harvested lamprey at Willamette Falls pursuant to state regulation. Now that the 1980 consent decree has been vacated, the Siletz Tribe plans to assert its treaty rights under federal law to fish and harvest at Willamette Falls in the future. The Siletz Tribe has been engaging in cultural practices at Willamette Falls for a long time, at and before treaty times.

The Grand Ronde Tribe has no right or authority to speak to the sovereign rights and interests of other federally-recognized tribes. The fact that the Grand Ronde Tribe has not established its own federal fishing and harvesting rights at Willamette Falls and has chosen to submit itself to the authority of the State of Oregon does not mean that other tribes must or should do so, or that they should be required to cede their federal treaty rights in favor of state regulation and authority. Other tribes refuse to submit to state regulation, and the Siletz Tribe's position is that condemnation is necessary and appropriate so they can exercise those rights under federal authority, not state authority. Condemnation of the subject parcel is necessary for the other tribes to retain their federal and inherent sovereign harvesting rights.

The second erroneous factual assertion made in the Grand Ronde Tribe's trial brief is that PGE, at the behest of unspecified other tribes, is seeking to shut down, remove or eliminate the Grand Ronde Tribe's Willamette Falls fishing platform and state registration. Dkt. 121, pp. 3, 7. Neither PGE nor the other tribes seek to eliminate Grand Ronde's fishing platform to the Siletz Tribe's knowledge. What the Siletz Tribe seeks is that Grand Ronde authorize its fishing platform under the same legal authority that other tribes are subject to – the Federal Power Act and PGE's hydroelectric project license – and that discussion take place on issues such as interference or coordination with the exercise of other fishing and harvesting rights. Grand Ronde along with the other tribes agreed to a specific FERC authorized process in 2004 to exercise cultural practices within the Project area; Grand Ronde is the only tribe that was part of that process that has since refused to honor or follow it.  PGE proposed a reasonable permanent cultural practices easement ("PCPE") that will allow all affected tribes to exercise cultural practices at Willamette Falls on an equal basis, that is consistent with its FERC license, and that provides for discussion and coordination among the tribes that wish to exercise cultural practices at the Falls. Grand Ronde rejected that option and continues to assert exclusive access at Willamette Falls and to deny other tribes any rights to access the Falls.

The Siletz Tribe continues to support the proposed cultural practice easement which would allow all Tribes, including Grand Ronde, access to Willamette Falls.

RESPECTFULLY SUBMITTED this 21st day of March, 2025

DORSAY & EASTON LLP

Craig J. Dorsay
craig@dorsayindianlaw.com
Lea Ann Easton, OSB #881413
leaston@dorsayindianlaw.com
Kathleen Gargan, OSB #193613
katie@dorsayindianlaw.com
Corin La Pointe-Aitchison, OSB # 180841
corin@dorsayindianlaw.com