IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PORTLAND GENERAL ELECTRIC COMPANY,** an Oregon corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>**STATE OF OREGON**, by and through **THE OREGON DEPARTMENT OF STATE LANDS**, and +/- **FIVE ACRES OF UNIMPROVED LAND ALONG THE WILLAMETTE RIVER NEAR WEST LINN, OREGON**,<br><br>      Defendants,<br><br>  and<br><br>**CONFEDERATED TRIBES OF THE GRAND RONDE COMMUNITY OF OREGON**, a federally recognized Indian tribe,<br><br>      Intervenor-Defendant. | Case No. 3:22-cv-533-SI<br><br>**ORDER AFTER PRETRIAL CONFERENCE** |

Erick J. Haynie, Christopher W. Rich, and Megan K. Houlihan, PERKINS COIE LLP, 1120 NW Couch Street, Tenth Floor, Portland, OR 97209. Of Attorneys for Plaintiff.

Shaunee Vanessa Morgan, Assistant Attorney General, and Carla Scott, Attorney in Charge, OREGON DEPARTMENT OF JUSTICE, 100 SW Market Street, Portland, OR 97201. Of Attorneys for Defendant State of Oregon.

PAGE 1 – ORDER AFTER PRETRIAL CONFERENCE

Kimberly S. D'Aquila, TRIBAL ATTORNEY'S OFFICE, Confederated Tribes of Grand Ronde, 9615 Grand Ronde Road, Grand Ronde, OR 97347; and Richard Roos-Collins, WATER AND POWER LAW GROUP PC, 2140 Shattuck Avenue, Suite 801, Berkeley, CA 94704. Of Attorneys for Intervenor-Defendant Confederated Tribes of Grand Ronde.

Craig J. Dorsay, Lee Ann Easton, Kathleen M. Gargan, and Corin La Pointe-Aitchison, DORSAY & EASTON LLP, 1737 NE Alberta Street, Suite 208, Portland, OR 97211. Of Attorneys for Amicus Confederated Tribes of Siletz Indians.

**Michael H. Simon, District Judge.**

Portland General Electric Company ("PGE") brings this lawsuit against the State of Oregon, asserting eminent domain under Section 21 of the Federal Power Act ("FPA") over approximately five acres of land (the "Condemnation Property") at Willamette Falls (the "Falls"). PGE operates its hydroelectric project (the "Project") at the Falls. The State of Oregon does not appear to present any substantive opposition to PGE's requested relief and has disclosed no anticipated witness testimony or trial exhibits. The Confederated Tribes of Grand Ronde ("Grand Ronde"), however, intervened as a Defendant, arguing that PGE lacks authority for the relief that it seeks. The Court previously denied the parties' cross motions for summary judgment (ECF 99) and scheduled a four-day court trial to begin on Monday, April 21, 2025. On April 1, 2025, the Court held a pretrial conference.

## I. TRIAL WITNESSES

### A. PGE's Trial Witnesses

PGE states that it may call the following seven fact witnesses to testify at trial: Rodney L. Brown, Jr.; Kenny Gunn; Rob Greene; Megan Hill; Mark R. Lindley; Nicholas ("Nick") Loos; and Mini Sharma-Ogle. PGE also states that it intends to present expert testimony from John V. Donnerberg and Patrick Gaylord. Further, PGE has requested permission to present the trial testimony from Mr. Brown and Mr. Gaylord by video conference, and the Court has given PGE leave to do so. PGE also stated that Ms. Sharma-Ogle might not be available to testify at trial. If

she is unavailable, PGE has designated portions of Ms. Sharma-Ogle's deposition transcript to be received in evidence in lieu of live testimony. Grand Ronde has cross-designated other portions of Ms. Sharma-Ogle's deposition transcript. Grand Ronde also has raised evidentiary objections to certain portions of Ms. Sharma-Ogle's proposed testimony designated by PGE.

### B. Grand Ronde's Trial Witnesses

Grand Ronde states that it may call the following ten fact witnesses to testify at trial: Cheryle A. Kennedy; Rob Greene; Kelly Dirksen; David Fullerton; Vicki L. Walker; Justin Russell; Rich George; Mark R. Lindley; Briece Edwards; and Joe Loomis. Further, Grand Ronde has requested permission to present the trial testimony from Mr. Fullerton by video conference, and the Court has given Grand Ronde permission to do so. Grand Ronde also offers as substantive evidence excerpts from the transcripts of the depositions of Mark R. Lindley and Nicholas Loos. PGE has cross-designated other portions from these two depositions.

## II. TRIAL EXHIBITS

### A. Stipulated Trial Exhibits

The parties have stipulated to the admission of the following Trial Exhibits: 11, 12, 16, 17, 22, 30, 31, 32, 33, 36, 49, 55, 56, 201, 202, 203, 204, 205, 206, 207, 208, 209, 211, 212, 213, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 249, 250, 252, 253, 254, 257, 258, 259, 263, 265, 266, 267, 269, 270, 271, 273, 274, 276, 278, 279, 282, 283, 284, 285, 287, 289, 290, 293, 294, and 295. The Court receives these exhibits in evidence.

### B. PGE'S Trial Exhibits to which Grand Ronde Objects

PGE states that it also may offer in evidence the following Trial Exhibits to which Grand Ronde objects: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 15, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 37, 40, 41, 42, 43, 45, 46, 47, 48, 50, 51, 53, 54, 57, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, and 72.

Grand Ronde stipulates to the authenticity of the following Trial Exhibits but reserves all other objections: 1, 2, 3, 4, 5, 6, 7, 8, 15, 19, 23, 24, 25, 26, 27, 28, 37, 40, 41, 42, 43, 45, 46, 47, 48, 54, and 72.

### C. Grand Ronde's Trial Exhibits to which PGE Objects

Grand Ronde states that it also may offer in evidence the following Trial Exhibits to which PGE objects: 245, 247, 248, 251, 255, 256, 260, 261, 262, 264, 268, 272, 275, 277, 280, 281, 286, 288, and 296.

### III. MOTIONS IN LIMINE

#### A. PGE'S Motions in Limine

MIL 1. PGE asks the Court to take judicial notice of the following regulatory and state administrative documents, which have been marked by PGE as Trial Exhibits: 11, 12, 16, 17, 22, 30, 31, 32, 33, 36, 49, 55, and 56. The Court takes judicial notice of these exhibits.

#### B. Grand Ronde's Motions in Limine

MIL 1. Grand Ronde asks the Court to take judicial notice of the following regulatory and state administrative documents, which have been marked by Grand Ronde as Trial Exhibits: 203, 204, 221, 236, 237, 238, 239, 240, 249, and 250. The Court takes judicial notice of these exhibits.

MIL 2. Grand Ronde asks the Court to exclude the testimony of PGE witness Rodney L. Brown, Jr. This motion is denied for the reasons stated below.

### IV. GRAND RONDE'S PRETRIAL OBJECTIONS

Grand Ronde has raised several objections to PGE's disclosed witness testimony and trial exhibits. The Court discusses Grand Ronde's objections below.

**A. PGE's Trial Exhibits**

   **1. Exhibits 2, 3, 4, 5, and 6**

Grand Ronde objects to these photographs as irrelevant (Rule 402); misleading or unduly prejudicial (Rule 403); or otherwise lacking appropriate foundation. The Court will rule on the admissibility of these exhibits at trial, if they are offered in evidence.

   **2. Exhibits 18, 20, 21, 24, 27, and 29**

Grand Ronde objects to these exhibits as irrelevant (Rule 401); unduly prejudicial (Rule 403); inadmissible hearsay (Rule 801; Rule 802; Rule 803); or improper lay opinion (Rule 701). The Court will rule on the admissibility of these exhibits at trial, if they are offered in evidence.

   **3. Exhibits 50, 51, 53, and 54**

Grand Ronde objects to these exhibits as irrelevant (Rule 401); or inadmissible hearsay (Rule 801; Rule 802; Rule 803). The Court will rule on the admissibility of these exhibits at trial, if they are offered in evidence.

   **4. Exhibit 57**

Grand Ronde objects to this exhibit as irrelevant (Rule 401); or incomplete (Rule 106). The Court will rule on the admissibility of this exhibit at trial, if it is offered in evidence.

   **5. Exhibits 60-62**

Grand Ronde objects to these exhibits as inadmissible hearsay (Rule 801; Rule 802; Rule 803); speculative (Rule 602); irrelevant (Rule 401); unduly prejudicial (Rule 403); or not proper rebuttal evidence. The Court will rule on the admissibility of these exhibits at trial, if they are offered in evidence.

## 6. Exhibits 63-64

Grand Ronde objects to these exhibits as inadmissible hearsay (Rule 801; Rule 802; Rule 803); irrelevant (Rule 401); unduly prejudicial (Rule 403); or not proper rebuttal evidence. The Court will rule on the admissibility of these exhibits at trial, if they are offered in evidence.

## 7. Exhibit 65

Grand Ronde objects to this exhibit as irrelevant (Rule 401); misleading; or speculative (Rule 602). The Court will rule on the admissibility of this exhibit at trial, if it is offered in evidence.

## 8. Exhibits 66-71

Grand Ronde objects to these exhibits as inadmissible hearsay (Rule 801; Rule 802; Rule 803); or irrelevant (Rule 401). The Court will rule on the admissibility of these exhibits at trial, if they are offered in evidence.

## 9. Exhibit 72

Grand Ronde objects to this exhibit as inadmissible hearsay (Rule 801; Rule 802; Rule 803); or not proper rebuttal evidence. The Court will rule on the admissibility of this exhibit at trial, if it is offered in evidence.

## B. PGE's Witnesses

### 1. Rodney L. Brown, Jr.

Mr. Brown is an attorney in private practice who was a member of PGE's Board of Directors from 2007 through 2023. He was involved in the Board's condemnation decision on July 28, 2021. PGE states that Mr. Brown may testify about his involvement in and recollection of the Board's condemnation decision, including the reasons behind the condemnation.

Grand Ronde moves to exclude certain testimony from Mr. Brown on the grounds that allowing this testimony would unfairly prejudice Grand Ronde. Specifically, Grand Ronde

argues that Mr. Brown's anticipated testimony concerns information and events that PGE was required to provide in response to Interrogatory No. 11 of Grand Ronde's First Set of Interrogatories ("Interrogatory 11"). Interrogatory 11 requested that PGE "[d]escribe each fact and event that forms the basis of PGE's Board of Directors' decision to adopt the July 28, 2021, resolution declaring a necessity to acquire DSL's right, title and interest in, and to, the Property." Grand Ronde contends that PGE did not provide the information and events that Mr. Brown will testify to until February 5, 2025, in PGE's Third Supplemental Answers.[1] Grand Ronde also objects to testimony that Mr. Brown considers the Condemnation Property to be a dangerous area as irrelevant.

### a. Failure Timely to Disclose

Grand Ronde first argues that PGE failed timely to disclose the information or events to which Mr. Brown is expected to testify, causing unfair prejudice to Grand Ronde. PGE did not identify Mr. Brown as a witness or disclose his expected testimony until February 5, 2025, and Grand Ronde deposed Mr. Brown on February 27, 2025. Despite deposing Mr. Brown, Grand Ronde contends that it is prejudiced because discovery is long-closed and there is no time for Grand Ronde to conduct additional discovery before trial. Grand Ronde argues that if it had known about the information to which Mr. Brown will testify, it would have previously sought to depose other Board members or participants in the alleged meetings and discussions.

Grand Ronde contends that this failure to disclose is also not justified. Grand Ronde argues that aspects of Mr. Brown's expected testimony are responsive to Interrogatory 11 and thus should be excluded. Specifically, Grand Ronde moves to exclude testimony regarding:

---

[1] In PGE's first response to Interrogatory 11, PGE identified the July 28, 2021, resolution itself and redacted minutes, and referred Grand Ronde to the rest of its discovery production generally.

PAGE 7 – ORDER AFTER PRETRIAL CONFERENCE

(1) Mr. Brown's "awareness of operational, regulatory, and cultural issues concerning Grand Ronde's fishing platform at Willamette Falls, based on PGE Board meetings and discussions prior to the July 28, 2021, PGE Board meeting," (2) that the July 28, 2021 PGE Board meeting was not the first time that Mr. Brown was aware of issues concerning fishing activity at the Falls, (3) an October 22, 2018 site visit, to the extent that this testimony is presented as anything more than a PGE Board Finance Committee visit, and (4) any testimony of meetings or information alleged to support a basis for the Board's decision to condemn that occurred or was presented to the Board before the July 28th meeting.

      PGE responds that it timely disclosed Mr. Brown as a witness. It argues that before the Court's Opinion and Order on the parties' cross motions for summary judgment, issued on January 3, 2025, PGE's counsel had not anticipated calling a member of PGE's Board because counsel believed that the resolution itself was sufficient evidence of necessity. PGE states that it first interviewed Mr. Brown as a potential witness on February 4, 2025, after which counsel determined that they should coordinate for Mr. Brown to testify at trial, and then notified Grand Ronde the next day by supplementing a response to Grand Ronde's interrogatory requesting PGE to identify "each person PGE expects to call as a witness at trial in this action." PGE made Mr. Brown available for a deposition by Grand Ronde, and states that it cooperated with Grand Ronde's follow-up discovery requests. Namely, PGE argues that it produced a presentation about the Falls made to PGE's Finance Committee in October of 2018, searched for additional Board materials related to the Falls, and produced a 2022 litigation report that may have been produced previously.[2] Further, PGE notes that it lists Mr. Brown on its timely-filed witness list and

---

[2] PGE notes that it had previously produced litigation reports relating to the Falls.

disclosed him as a member of PGE's Board in an interrogatory response dated June 5, 2023. PGE thus argues that disclosure was timely and did not cause unfair prejudice to Grand Ronde.

Although PGE likely knew that documents and information about the Board's condemnation decision were central to this case before the Court's Opinion and Order on the parties' motions for summary judgment, given that Grand Ronde requested such information in its first set of interrogatories, PGE's disclosure of Mr. Brown and his expected testimony did not cause unfair prejudice to Grand Ronde. Grand Ronde deposed Mr. Brown and will not be unfairly surprised by any testimony. As Grand Ronde itself argues, it was clear that the Board's condemnation decision and the underlying documents would be central to this case. Grand Ronde knew the identity of members of PGE's Board before the close of discovery and chose not to depose any of these members during discovery. Grand Ronde was thus not deprived of the opportunity to fully develop its case. The Court therefore denies Grand Ronde's motion to exclude Mr. Brown's testimony and will rule on any timely-raised objections at trial.

### b. Dangerous Area

Grand Ronde objects to Mr. Brown's testimony that the Condemnation Property is a dangerous area as irrelevant. PGE responds that this opinion is admissible because it is rationally based on his perception of the Condemnation Property after viewing it during a site visit in October of 2018. The Court will rule on the admissibility of this testimony at trial.

### 2. Kenny Gunn

Mr. Gunn is the Cultural Resource Manager for PGE and has served in this position since 2021. PGE states that he may testify about PGE's Cultural Resource Program, PGE's obligations under its Federal Energy Regulatory Commission ("FERC") license, PGE's Historic Management Plan ("HPMP"), PGE's proposed Perpetual Cultural Practices Easement ("PCPE"), and PGE's work in and around the Abernathy Channel.

Grand Ronde objects to Mr. Gunn's testimony about the HPMP and "certain confidential matters associated with HPMP compliance that have been disclosed in discovery and referenced previously in connection with the parties' summary judgment motions." Grand Ronde argues that this testimony asserts that PGE has an obligation to address non-Project-related impacts within the Project boundary without a proper foundation. Further, Grand Ronde contends that to the extent that this testimony addresses the effects of non-Project-related uses on cultural resources, it is irrelevant and unfairly prejudicial. PGE responds that the HPMP obligations and other cultural resource obligations are Project obligations, as explained in PGE's summary judgment briefing. The Court will rule on the admissibility of this testimony at trial.

### 3. Megan Hill

Ms. Hill is the Senior Manager for Hydro Compliance at PGE and has worked at PGE for 18 years. PGE states that she may testify to PGE's regulatory obligations under the FERC license, including with respect to fish stranding and salvage, lamprey passage, the Falls fish ladder, and the Abernathy Channel. Ms. Hill may also testify to the regulatory risks to PGE if it does not perform its FERC obligations.

Grand Ronde objects to this testimony to the extent that it relies on specialized knowledge beyond Ms. Hill's personal knowledge and perceptions. Grand Ronde argues that this testimony involves expert opinions, while Ms. Hill is testifying as a lay witness. PGE responds that Ms. Hill will testify based on her personal knowledge and experience to facts rationally based on her perceptions as a PGE compliance manager. *See United States v. Losch*, 603 F. Supp. 3d 795, 798 (D. Ariz. 2022) ("Lay witnesses may testify to particularized knowledge by virtue of their experiences even if the subject matter is specialized or technical, because the testimony is based upon the layperson's personal knowledge rather than on specialized knowledge within the scope of Rule 702." (cleaned up)); *Donlan v. Philips Lighting N. Am.*

PAGE 10 – ORDER AFTER PRETRIAL CONFERENCE

*Corp.*, 581 F.3d 73, 81 (3d Cir. 2009) ("When a lay witness has particularized knowledge by virtue of her experience, she may testify—even if the subject matter is specialized or technical—because the testimony is based upon the layperson's personal knowledge rather than on specialized knowledge within the scope of Rule 702."). The Court does not preemptively exclude Ms. Hill's testimony. The Court will rule on the admissibility of this testimony at trial.

### 4. Mark R. Lindley

Mr. Lindley is a Senior Principal in PGE's Finance Department. He previously served as Manager in the PGE Real Estate Department and has worked for PGE for more than 22 years. He was previously deposed in this case, both personally and in connection with a Rule 30(b)(6) deposition, and has submitted a declaration. PGE states that Mr. Lindley will testify as to the general factual background of the Project and authenticate related exhibits, the Condemnation Property, PGE's FERC license, cultural practices at the Falls, PGE's intentions for cultural practices at the Falls, Ms. Sharma-Ogle's role and job responsibilities with PGE, and various trial exhibits.

Grand Ronde objects to the witness summary "to the extent the narrative excerpts in the summary are intended to represent a summary of Mr. Lindley's testimony." Grand Ronde states that it may object to Mr. Lindley's testimony about maps prepared by PGE's professional surveyor because of lack of personal knowledge. Grand Ronde also objects to testimony about Grand Ronde's desires or dissatisfaction with the PCPE as speculative and lacking personal knowledge. Finally, Grand Ronde objects to any testimony intended to serve as a legal opinion.

PGE responds that Mr. Lindley has substantial involvement in cultural practices at the Falls, as he drafted the proposed PCPE and is a signatory to various documents within the tribal exhibits. Thus, PGE argues that Mr. Lindley's testimony is relevant and admissible. The Court will rule on the admissibility of this testimony at trial.

PAGE 11 – ORDER AFTER PRETRIAL CONFERENCE

### 5. Nicholas ("Nick") Loos

Mr. Loos is the Senior Manager of Transmission Delivery for PGE and has worked at PGE for about 17 years. He previously served as the Director of Dam Safety and Renewable Operations with PGE, beginning in 2018. As Director of Dam Safety, Mr. Loos oversaw the operations of the Project. Mr. Loos was previously deposed in this case, in both his personal and Rule 30(b)(6) capacity. PGE states that Mr. Loos will testify to public safety and operational hazards in the Project area, physical dangers in the area, challenges in coordinating the timing of fishing platform use, and PGE's regulatory obligations under its FERC license.

Grand Ronde objects to PGE's statement that Mr. Loos will testify to the topics in his 30(b)(6) deposition as vague and lacking the detail required by the Court's Trial Management Order. PGE responds that Grand Ronde specified the topics in Mr. Loos's Rule 30(b)(6) deposition and references the safety issues discussed in Mr. Loos's witness statement and summary judgment declaration. Grand Ronde also objects to the characterization of Trial Exhibits 20-21 as assuming facts not in evidence. PGE responds that these exhibits are admissible as contemporaneous statements about safety risks perceived by Mr. Loos at the time.

PGE's witness summary for Mr. Loos states that he is expected to address topics discussed in his deposition, but then continues for several pages to discuss the testimony more specifically. The Court will rule on the admissibility of this testimony at trial.

### 6. Mini Sharma-Ogle

Ms. Sharma-Ogle worked as an archaeologist, Tribal Relations Manager, and Manager of Diversity, Equity and Inclusion at PGE. She left PGE's employment on or about November 8, 2024. PGE states that Ms. Sharma-Ogle may testify about meetings between PGE and Grand Ronde from 2016 to 2018 about cultural practices and a fishing platform at the Falls, a "risks and

PAGE 12 – ORDER AFTER PRETRIAL CONFERENCE

benefits" analysis she performed about the possibility of a fishing platform, and PGE's obligations under its FERC license.

Grand Ronde objects to any testimony not based on Ms. Sharma-Ogle's personal knowledge or recollection and to testimony about statements made by others in meetings unless they fit within an applicable hearsay objection. PGE responds that this objection is "non-specific and states evidentiary truisms." The Court will rule on the admissibility of this testimony at trial.

## C. PGE's Rebuttal Witnesses

### 1. Nicholas ("Nick") Loos

PGE states that it may call Mr. Loos in rebuttal to Mr. Dirksen's stated testimony that all fishing from the platform has been conducted safely and without incident. To this end, PGE states that Mr. Loos may testify that Grand Ronde workers or representatives have left industrial equipment in the river, have spilled industrial slurry around the fishing platform area, and have engaged in construction that causes a potential risk to culturally sensitive areas. Mr. Loos may also testify in rebuttal to Mr. Fullerton's proposed testimony about an intentional water release, discussed in more detail below.

Grand Ronde objects to this proposed testimony as beyond the scope of the testimony it purports to rebut, speculative, based on improper lay opinion, irrelevant, and unfairly prejudicial. Grand Ronde argues that this proposed testimony does not directly address whether fishing has been conducted safely and without incident. The Court will rule on the admissibility of this testimony at trial, if it is offered.

### 2. David Robertson and Rich George

Mr. Robertson is PGE's former Vice President of Public Affairs who worked at PGE from 2004 to 2022. Mr. George is an associate general counsel for PGE. PGE states that these witnesses may testify to controvert Grand Ronde's characterization of meetings described in the

PAGE 13 – ORDER AFTER PRETRIAL CONFERENCE

witness statements of Mr. Greene and Ms. Kennedy. Grand Ronde objects to this testimony to the extent that it goes beyond refuting the characterization of the July 2018 meeting referenced in the witness statements. The Court will rule on the admissibility of this testimony at trial, if it is offered.

### 3. Jeff Danielson

Mr. Danielson is a survey manager at PGE. PGE states that Mr. Danielson may testify to controvert Grand Ronde's characterization of Mr. Danielson's statements in the July 2018 meeting; specifically, that he "agreed with [David Evans and Associates, Inc.'s] conclusions" in the ownership study. Grand Ronde objects to this testimony to the extent that it goes beyond refuting Mr. Greene's testimony that Mr. Danielson agreed with David Evans and Associates, Inc.'s conclusions in the ownership study. The Court will rule on the admissibility of this testimony at trial, if it is offered.

### 4. Kenny Gunn

PGE states that Mr. Gunn may testify to controvert Mr. Dirksen's stated testimony that all fishing from the platform was conducted safely and without incident. Grand Ronde objects to Mr. Gunn's testimony as beyond the scope of the testimony it is offered to refute and speculative or improper lay opinion. The Court will rule on the admissibility of this testimony at trial, if it is offered.

## V. PGE'S PRETRIAL OBJECTIONS

PGE has raised several objections to Grand Ronde's disclosed witness testimony and trial exhibits. The Court discusses PGE's objections below.

A. **Grand Ronde's Trial Exhibits**

   1. **Exhibits 245, 247, 248, 251, 255, 256, 268, 272, 277, 280, 281, and 286**

PGE objects to these exhibits largely as inadmissible hearsay (Rule 802). The Court will rule on the admissibility of these exhibits at trial, if they are offered in evidence.

   2. **Exhibit 260, 261, 262, and 264**

PGE objects to these exhibits largely as lacking authentication or foundation. The Court will rule on the admissibility of these exhibits at trial, if they are offered in evidence.

   3. **Exhibit 275**

PGE objects to this exhibit as incomplete (Rule 106). The Court will rule on the admissibility of this exhibit at trial, if it is offered in evidence.

   4. **Exhibit 288**

PGE objects to this exhibit as irrelevant (Rule 401). The Court will rule on the admissibility of this exhibit at trial, if it is offered in evidence.

B. **Grand Ronde's Witness Testimony**

   1. **Ownership Dispute Between PGE and DSL (Rob Greene, David Fullerton)**

PGE objects to any testimony by Grand Ronde's witnesses concerning the ownership dispute between PGE and DSL as irrelevant and unnecessary. PGE argues that it is undisputed that DSL asserts an ownership interest in the Condemnation Property, and that FERC has noted the existence of a dispute. By this action, PGE contends, it is condemning DSL's interest in the Condemnation Property. Accordingly, PGE argues that detailed evidence of the ownership dispute is unnecessary to this case.

Grand Ronde responds that this evidence demonstrates how PGE's position on the ownership of the Condemnation Property has changed over time, as PGE previously claimed that there was no dispute that it owned and controlled the Condemnation Property. Grand Ronde also

argues that this testimony shows PGE's true motive for condemnation. The Court will rule on the admissibility of any testimony at trial.

### 2. Breadth and Scope of Testimony (Rob Greene)

PGE also objects to the breadth and scope of Grand Ronde's predicted testimony about Grand Ronde's history at the Falls. PGE acknowledges that some background facts are admissible for context but argues that extensive testimony is irrelevant to the narrow question of whether PGE's determination of necessity was arbitrary and capricious or made in bad faith.

Grand Ronde responds that its exhibits and testimony will demonstrate its long-standing use of the Condemnation Property and the Falls without objection from PGE. PGE's historical lack of objection to Grand Ronde's activities, Grand Ronde argues, contradicts PGE's argument that its ownership of the Condemnation Property is necessary. Instead, Grand Ronde contends that this testimony will indicate that PGE only became concerned about ownership of the Condemnation Property when other tribes raised concerns about Grand Ronde's fishing platform. Thus, Grand Ronde argues that this testimony demonstrates that PGE's condemnation decision was outside the scope of PGE's authority under Section 21 and is relevant to the Court's decision on whether PGE's determination of necessity was arbitrary, capricious, or made in bad faith. The Court will rule on the admissibility of any testimony at trial.

### 3. Intentional Water Release (David Fullerton)

Finally, PGE objects to the proposed testimony of Mr. Fullerton, Grand Ronde's current Transitional Housing Manager and Grand Ronde's General Manager from 2016 through 2023, that PGE intentionally released water when members of Grand Ronde were on the river on October 4, 2018, by opening the Obermeyer weir. PGE argues that this allegation is false, cannot be reasonably based on Mr. Fullerton's personal, first-hand knowledge, is unfairly prejudicial, and is outside the pleadings.

Grand Ronde responds that Mr. Fullerton was ferrying materials across the river and was in a position where he could view employees above the Obermeyer weir. Grand Ronde also argues that this testimony is offered only in response to PGE's Trial Exhibit 29—an email thread in which PGE's counsel states that PGE is "absolutely not making any efforts to manipulate water levels at the Falls to inhibit the Tribes' construction efforts"—and thus is relevant and not outside the pleadings. The Court will rule on the admissibility of this testimony at trial, if it is offered.

## VI. REBUTTAL

PGE has requested leave to supplement its evidence with rebuttal evidence, if needed. The Court will allow PGE to provide rebuttal evidence that is truly rebuttal in nature. Similarly, the Court will allow Grand Ronde to provide sur-rebuttal evidence, if needed, that is truly sur-rebuttal in nature.

## CONCLUSION

The Court addresses many of the pretrial matters discussed with the parties at the pretrial conference as stated in this Order.

**IT IS SO ORDERED**.

DATED this 11th day of April, 2025.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge
